In the Matter of the Claim of VICTORIA KLUCZYNSKI, Respondent, against HOSPITAL SERVICE CORPORATION OF WESTERN NEW YORK, Appellant.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 2, 1953.

*Stanley G. Falk* and *Charles D. Tuppen, Jr.,* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Roy Wiedersum* and *John J. Quinn* of counsel), for the Workmen's Compensation Board, respondent.

Coon, J. This appeal presents no factual dispute. Appellant is a hospital service corporation, a nonprofit corporation, exempted by subdivision 3 of section 251 of the Insurance Law " from every state, county and municipal tax." Claimant, employed by appellant, concededly was injured and disabled out of the course of her employment, and the award to her is based upon the Disability Benefits Law, being article 9 of the Workmen's Compensation Law.

Appellant employer raises two questions. First, that it is exempt from liability for contributions under the act because such " contributions " are a " tax ". Second, that the entire act is unconstitutional.

The first question may be answered by a simple repetition of the words " exempt from every state, county and municipal tax." The Legislature clearly had in mind in the last revision of this enactment (Insurance Law, § 251), only taxes that are paid into the coffers of the State, county or municipality for their own purposes. When the Legislature much later enacted article 9 of the Workmen's Compensation Law by chapter 600 of the Laws of 1949, after thorough investigation of the public benefits involved, it avoided the use of the word " tax " and used the word " contribution." No provision was made for exemption from " contributions " under the act applicable to appellant. Neither the State nor any county or municipality is collecting or using any of the " contributions " under this act.

It seems clear that the Legislature in enacting subdivision 3 of section 251 of the Insurance Law, intended an exemption only from taxes within the common and accepted meaning of the word. In enacting the Disability Benefits Law the Legislature did not exempt such corporations as appellant from making contributions, making its intent more apparent. (*People ex rel. Bronx Parkway Comm.* v. *Common Council,* 229 N. Y. 1.)

The second question was not raised before either the referee or the Workmen's Compensation Board. However, appellant now contends for the first time, that the Disability Benefits Law violates the Fourteenth Amendment to the United States Constitution, particularly referring to what is commonly known as the " due process clause." We do not wish to extend litiga-

tion by refusing to pass upon this question upon technical grounds.

Under modern concepts of social legislation the act does not do violence to any constitutional rights of appellant. Many additional burdens have been imposed upon employers in recent years, ranging from sanitary and safety requirements to workmen's compensation, unemployment insurance and social security. Presumably, the additional costs are passed on to the public. The Workmen's Compensation Law has been upheld as constitutional. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, revd. 244 U. S. 205.) The Unemployment Insurance Law has likewise been held to be constitutional. (*Chamberlin, Inc.* v. *Andrews*, 271 N. Y. 1, affd. 299 U. S. 515.) When the Legislature, after investigation, deems it wise to provide benefits to employees for disability not connected with their employment, the police power of the State authorizes it to do so.

It seems unnecessary to be verbose as to details. Employee and employer each contribute a small percentage of wages in their respective capacities. An employee and an employer have a common interest in producing the service or product which the employer sells. A disability, even though unconnected with the employment, affects the employer and also affects the public welfare. The police power of the State authorizes legislative action under such circumstances, and courts should be reluctant to interfere unless such power is grossly abused. (*Chamberlin, Inc.* v. *Andrews, supra.*)

The award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Bergan, Halpern and Imrie, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.