Edward S. Conway, J.
This is a motion by the defendant for an order to vacate and to set aside the judgment taken against the defendant, and to dismiss the cause of action upon which said judgment was based on the ground that defendant had no notice of the proceedings taken against him.
A judgment was entered against the defendant in favor of the plaintiff on March 29, 1971 in the sum of $114.46 under section 219 of the Workmen’s Compensation Law.
The defendant contends that he was never served with a summons and/or complaint, nor a notice of determination, nor an order of payment, and that the first notice of any judgment was on April 13, 1971 when a copy of the execution issued pursuant to said judgment was left at his house by the Ulster County Sheriff, and he further contends that he is being deprived of his property without due process of law.
The plaintiff contends that since there has been no showing of a meritorious defense to the action in the defendant’s moving papers, the motion must be denied, and further that since judgment has been entered under section 219 of the Workmen’s Compensation Law which requires a mere default in payment of penalties as grounds for the entry of judgment, no notice was required.
The court cannot agree with the contentions of the plaintiff. A meritorious defense does not have to be alleged when due process of law has been denied, for as the Court of Appeals in Matter of Hecht v. Monaghan (307 N. Y. 461, 470) said: “Respondent has claimed that before petitioner is entitled to the restoration of his license, he must show that he has a ‘meritorious defense ’. That is not, however, the case when it is alleged that due process of law has been denied; for, as was said in Coe v. Armour Fertilizer Works (237 U. S. 413, 424): ‘ To one who protests against the taking of his property without due process of law, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits’.”
*894 Where the exercise of a statutory power adversely affects property rights, as section 219 of the Workmen’s Compensation Law does here, the courts have implied the requirement of notice and hearing where the statute was silent. (Matter of Hecht v. Monaghan, supra, p. 468 and cases cited therein.)
Therefore, the motion of the defendant to vacate the judgment is granted.