■ WORKMEN'S COMPENSATION BOARD OF THE STATE OF NEW YORK, Appellant, v. PAUL ERIKSEN, Respondent.— Appeal from an order of Supreme Court at Special Term, entered February 4, 1972 in Ulster County, which vacated a judgment against the defendant, set aside service of plaintiff's notice of determination and order for payment of assessment and penalties under article 9 of the Workmen's Compensation Law, and dismissed the complaint upon which the judgment was based. Respondent was the reputed owner of the Wawarsing Inn in Ulster County during 1968. On March 14, 1968, the Hartford Accident and Indemnity Company canceled respondent's disability benefits policy. On December 20, 1968, the same company issued a new policy covering respondent for disability benefits under the Workmen's Compensation Law. During the interval of no coverage, respondent paid gross wages of $6,950 as set forth in a report to the Workmen's Compensation Board signed by respondent's manager and naming respondent as the owner of the business. Thereafter, a notice of determination of employer liability under the Disability Benefits Law, dated December 15, 1969, was mailed to respondent addressed to him at Route 209, Warwarsing, New York as evidenced by an affidavit of mailing sworn to by one Bernard Kufeld. The notice stated that the determination should be considered as final unless review of the same be requested within 15 days of the notice. No request was made within the time prescribed. An order for payment was also duly mailed to respondent on December 15, 1969 for assessment and penalties in the sum of $114.46 which order required that respondent made payment thereof on or before December 30, 1969. Thereafter, on March 29, 1971, a judgment was entered for the amount of the assessment and penalties in the Ulster County Clerk's Office. Respondent brought this motion to vacate the judgment alleging that he never was served personally or received by mail any summons notice or order in the proceeding, and that the first time he was advised of a judgment entered against him was on April 13, 1971 when a copy of an execution issued pursuant to said judgment was left at his home. Appellant contends that respondent was aware of his liability for disability benefit contributions during the interval when no insurance coverage was in effect, and that he was personally informed by a Workmen's Compensation Board investigator on September 17, 1970 of such liability and, in addition, by a letter dated March 4, 1970 from a Senior Attorney of the Workmen's Compensation Board. Respondent contends that the procedure used for the collection of the disability benefit contributions as provided by article 9 of the Workmen's Compensation Law violates due process since procedural due process requires notice and an opportunity for a hearing before the State may deprive a person of his property. However, in the circumstances here, respondent was presumably served by mail with a notice of determination of employer liability

and afforded an opportunity for a hearing to review such determination by filing a request for a hearing within the 15-day period. The procedure provided by article 9 of the Workmen's Compensation Law for the enforcement and collection of employer's liability for contributions where service of a notice is made, and an opportunity to be heard is given meets the constitutional test of due process. (*Matter of Kluczynski* v. *Hospital Serv. Corp. of Western N. Y.*, 282 App. Div. 276.) The service of the notice and order by mail instead of personally is not offensive to due process. If the form of service provided is reasonably calculated to give the person alleged to be liable actual notice of the proceedings and an opportunity to be heard, the requirement of due process is met. (*Mullane* v. *Central Hanover Trust Co.*, 339 U. S. 306; *Milliken* v. *Meyer*, 311 U. S. 457.) The question still remains, however, whether or not respondent ever received the notice and order mailed to him on December 15, 1969. Although appellant has presented evidence by affidavits to establish that respondent knew of the claim asserted against him, there is no evidence of proof of the receipt by respondent of the mailed notice and order. In view of conflict on this issue of fact, a hearing should be ordered to determine the issue. (*Vazzana* v. *Horn*, 42 Misc 2d 989.) The complaint should not have been dismissed by the court below before a determination of the issue of service of the notice and order upon respondent had been resolved. Order reversed, on the law and the facts, and matter remitted to Special Term for a hearing pursuant to CPLR 2218 on the question of whether respondent received notice of the proceeding against him. Staley, Jr., Kane and Reynolds, JJ., concur; Herlihy, P. J., and Sweeney, J., concur in the result only. [68 Misc 2d 892.]