OPINION OF THE COURT
Myriam J. Altman, J.
The petition of Bergdorf Goodman, Inc. (hereinafter Bergdorf) in this turnover proceeding is dismissed without preju *312 dice for failure to serve the judgment debtor in the manner prescribed by statute and for failure to join a necessary party.
In September of 1977, Bergdorf brought an action against Felix and Gail Pappalardi. A default judgment was entered in favor of Bergdorf and against Felix Pappalardi in the amount of $900.74 in December, 1977. The judgment has not been satisfied. The action against Gail Pappalardi was severed and continued, and presumably is still pending.
Petitioner brings this special proceeding to obtain a judgment directing respondent Marine Midland Bank (hereinafter Marine) to pay over to Bergdorf $343.76, the total amount contained in Marine checking and savings accounts under the names of both Gail and Felix Pappalardi. Bergdorf commenced the proceeding by sending copies of the notice of petition and petition by mail to the judgment debtor, Marine and Gail Pappalardi. The affidavits of service do not indicate that the papers were sent in any manner other than by regular mail. Although respondent raises several defenses, they are not relevant at this juncture due to the failure to serve the judgment debtor properly and the failure to join Gail Pappalardi as a necessary party.
CPLR 5225 (subd [b]) enables a judgment creditor to commence "a special proceeding against a person in possession or custody of money * * * in which the judgment debtor has an interest”. CPLR 5227 permits a judgment creditor to initiate "a special proceeding * * * against any person who it is shown is * * * indebted to the judgment debtor”. Either section could form the basis for this special proceeding (see, e.g., Matter of Sumitomo Shoji N. Y. v Chemical Bank N. Y. Trust Co., 47 Misc 2d 741, affd 25 AD2d 499; see, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5225:5, p 245).
With respect to service, both sections provide that "[njotice of the proceedings shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding.” A legal proceeding to divest rights cannot be instituted without safeguarding the right of due process of law. Due process requires proper notice of the proceedings (Lane v Johnson, 283 NY 244, 253). CPLR 5225 (subd [b]) and 5227 were adopted to meet those due process requirements by providing a manner of service reasonably calculated to give the judgment debtor *313 notice of the proceeding and an opportunity to intervene (see Workmen’s Compensation Bd. of State of N. Y. v Eriksen, 43 AD2d 597, 598). Thus there must be strict compliance with the provisions for service upon the judgment debtor (Matter of Taag Designs v Grant, 46 Misc 2d 505; Jewish Hosp. & Med. Center of Brooklyn v First Nat. City Bank, NYU, March 21, 1975, p 15, col 7).
Petitioner annexed affidavits of service by mail to its papers, but these affidavits do not state that the papers were sent by registered or certified mail and no return receipts are offered. There is no indication that service was made by "nail and mail” pursuant to CPLR 308 (subd 4).
The improper notice to the judgment debtor alone would be sufficient ground to dismiss the petition. However, Bergdorf has also failed to join a necessary party — Gail Pappalardi. I raise this issue on my own motion (CPLR 1003).
CPLR 1001 (subd [a]) requires joining as necessary parties those "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action”. This language has been construed to mean that "the general policy of the Civil Practice Law and Rules [is] to limit the scope of indispensable parties to those cases and only those cases where the determination of the court will adversely affect the rights of nonparties” (Matter of Castaways Motel v Schuyler, 24 NY2d 120, 125).
As a joint tenant or tenant in common of the Pappalardi bank accounts (see Banking Law, § 675; 13 NY Jur, Cotenancy and Joint Ownership, § 10, pp 12-15), Ms. Pappalardi presumably has a one-half interest in the property (Triangle Pacific Bldg. Prods. Corp. v National Bank of North Amer., 62 AD2d 1017; Jackenthal v Jackenthal, 285 App Div 1074; Bell v Little, 204 App Div 235, affd 237 NY 519), yet Bergdorf seeks a judgment ordering Marine to turn over all the money in the accounts. Any decision on the merits of this matter would necessarily involve a determination of the rights of both Felix and Gail Pappalardi in the accounts. Ms. Pappalardi’s present interest therefore renders her a necessary party (see Dumpson v Taylor, 38 Misc 2d 118, 120-122; Diners’ Club v Billington, NYU, Dec. 18, 1969, p 2, col 3; see, also, Vicario v Raymond, 44 AD2d 863).
It has been noted that "CPLR article 52 contemplates a 'race of diligence’ ” among claimants to the property of any *314 particular debtor (Matter of Ruvolo v Long Is. R. R. Co., 45 Misc 2d 136, 148) because other judgment creditors are not necessary parties to a special proceeding under CPLR article 52 (Matter of Ruvolo v Long Is. R. R. Co., supra, p 146). However, this should not be interpreted to mean that the rights of an individual such as Ms. Pappalardi, who possesses an actual, current interest in the property in question, are jeopardized by the "race of diligence” among creditors (see Diners’ Club v Billington, NYLJ, Dec. 18, 1969, p 2, col 3, supra).
Finally, it must be mentioned that Marine also appears to have been served by ordinary mail. However, Marine has waived any objections to such service by appearing (CPLR 320, subd [b]; 404).