OPINION OF THE COURT
Michael Wollin, J.
In the special proceeding pursuant to CPLR 5227, the petitioner-judgment-creditor, Albert Lewis (petitioner) moves *1099 for an order directing the respondent garnishee, Franklin Savings Bank of New York (garnishee), to turn over to him the sum of $97.50 to satisfy a judgment entered against respondent-judgment-debtor, Sergiusz Miedrzynski (respondent debtor).
All interested parties to the proceedings have been served. Only the garnishee appears opposing payment to satisfy the judgment.
Notwithstanding the meager sum in dispute, garnishee vigorously opposes satisfaction by supporting affidavit and copious cases cited in its memorandum of law. Nevertheless, the court finds that the applicable statutory and case law does not support its contentions.
The salient facts are not in dispute and can be succinctly recited.
The petitioner caused an information restraint subpoena (CPLR 5222, subd [b]) to be served upon the garnishee seeking release of assets, if any, to the credit of the respondent debtor, to satisfy the judgment. The garnishee admits there is a savings account evidenced by a passbook issued by it in the joint names of the respondent debtor and respondent, Alicja Miedrzynski (respondent), in the amount of $2,057.06.
The garnishee refuses to satisfy the judgment unless the passbook or a surety bond in double of the amount of the proposed withdrawal is presented in compliance with its bylaws promulgated pursuant to the Banking Law of the State of New York.
Nothing to the contrary asserted, the joint account between the respondent debtor and the respondent creates a moiety. Since both have an equal share in the savings account and the individual share is in excess of the judgment, payment would not effect the interests of the respondent.
However, the court should not summarily exercise its powers to compel the respondent debtor and or the respondent to produce their passbook or in extreme, favor contempt proceedings, when a reasonable remedy is available.
The resistance of the garnishee to satisfy judgment predicated upon the fear of a duality of exposure is ill considered. The garnishee is immunized by subdivision 3 of section 238 of the Banking Law, the pertinent part relevant to passbooks states: "[p]ayments, however may be made upon the judgment or order of a court.”
*1100 Not only is the garnishee statutorily shielded but case law hermetically seals it from any financial loss.
The relationship between garnishee and, jointly the respondent debtor and the respondent, is creditor and debtor to the extent of the moneys on deposit in their favor. The passbook issued by the garnishee is not negotiable but is assignable (Mierke v Jefferson County Sav. Bank, 208 NY 347).
There is no dispute that the funds of the passbook have not been assigned or that any adverse claims exist which would impose liability. In the absence of any notice or knowledge there is not even a minuscule risk to justify the garnishee in arbitrarily applying its by-laws and thwart satisfaction of judgment. (Heermans v Ellsworth, 64 NY 159; Matter of Tosetti, 17 Misc 2d 520.)
The by-laws of the garnishee are not refractory and must yield to regulatory authority, legislation and judicial orders. (Banking Law, arts 2, 6; Myers v Albany Sav. Bank, 296 NY 562.)
Upon the receipt of a properly executed satisfaction of judgment, the Franklin Savings Bank of New York is directed to pay the sum of $97.50 with accumulated interest out of the savings account on deposit to the credit of respondent debtor and respondent and its individual costs to Michael M. Chasen as attorney for petitioner. (CPLR 5225, subd [b]).