OPINION OF THE COURT
Joseph D. Valentino, J.
FACTS
In this special proceeding under CPLR 5227, the court must determine whether the petitioner judgment creditor is entitled to an award of costs against the respondent bank; and whether there is authority for the bank’s refusal to turn over funds in response to a levy.
The petitioner Household Finance Corporation sought to enforce a money judgment against Alfred A. Lasek by serving a restraining order and levy of execution on respondent Rochester Community Savings Bank where the judgment debtor, Mr. Lasek, held a joint bank account with Mary M. Lasek, his wife. While the funds in the account were duly restrained pursuant to the restraining order, the bank informed Household Finance Corporation that it could not release the funds without a further court order because Mr. Lasek held the funds jointly with another person. Petitioner then brought the instant special proceeding pursuant to CPLR 5227 to compel the respondent bank to turn over sufficient funds in the joint bank account to satisfy the judgment against Mr. Lasek. Mr. and Mrs. Lasek were served with notice of the proceeding, although the court notes that the affidavit of service incorrectly names Mrs. Lasek as a judgment debtor.
No response was forthcoming, nor did Mrs. Lasek move to intervene pursuant to CPLR 5239. On the return date, only the attorney for Household Finance Corporation appeared, whereby the court granted the petitioner’s motion and ordered respondent bank to turn over the funds in the joint bank account. The order also included an award of costs and disbursements against the bank for its initial refusal to honor the levy.
Immediately thereafter, the bank asked the court to recon *438 sider the award of costs and disbursements, and in its discretion, the court agreed to do so. (See, CPLR 2221; Delcrete Corp. v Kling, 67 AD2d 1099 [4th Dept]; People ex rel. Smith v Wilkins, 16 NY2d 894.)
I.
The court now reverses and vacates that part of the order which awarded costs and disbursements against respondent bank. CPLR 5227 states: "Costs of the proceeding shall not be awarded against a person who did not dispute the indebtedness.” Here, the bank did not deny the existence of the account, nor did it oppose the petition for turnover in any manner. It did not interpose any opposing papers, and did not even appear on the return date. Respondent bank has not disputed the indebtedness by its posture in this proceeding; it has taken no posture whatsoever. (See, Matter of Household Fin. Corp. v Chase Manhattan Bank, 91 Misc 2d 141, 142.) An award of costs against the bank has no basis in fact or law. (Matter of Household Fin. Corp. v Chase Manhattan Bank, supra; cf., Lewis v Franklin Sav. Bank, 98 Misc 2d 1098.)
The petitioner’s contention that the bank disputed the indebtedness by failing to release the funds pursuant to the execution is ill-conceived. The "dispute” language contained in CPLR 5227 encompasses only those actions taken in response to the turnover petition. Thus, the bank’s action in failing to comply with the levy of execution cannot be deemed a "dispute [of] the indebtedness” in a CPLR 5227 proceeding. Petitioner’s remedy for the bank’s refusal to obey the levy is to bring a special proceeding pursuant to CPLR 5227. (Matter of Industrial Commr. of State of N. Y. v Five Corners Tavern, 47 NY2d 639, 644; Kennis v Sherwood, 82 AD2d 847, 848; Siegel, NY Prac § 496, at 672-674; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5232.13.) Failure to make payment of delivery as directed by CPLR 5232 (a) cannot be punished as contempt of court because it does not constitute disobedience of a subpoena, restraining notice or court order. (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5232.13, at 52-635, and cases cited therein.) The court will not avail petitioner of an additional remedy by imposing a monetary sanction of costs on the bank for failure to release the funds.
While petitioner laments the extra burden of securing an order in addition to the levy of execution, obtaining a levy is not a prerequisite to bringing a special proceeding under *439 CPLR 5227, and a judgment creditor is free to petition the court for turnover as soon as it learns the whereabouts of a judgment debtor’s account. At the same time, however, a judgment creditor who levies an execution receives the benefit of establishing priority over subsequent creditors. (Aspen Indus. v Marine Midland Bank, 52 NY2d 575.)
II.
The attorneys for both the petitioner and the respondent have questioned the bank’s policy of forcing a special proceeding whenever an execution is levied on a joint bank account. The petitioner urges that such policy has no basis in law and is unnecessary to protect the bank from liability for payment. The bank’s attorney also favors abolishing the policy, but asserts that he is unaware of any legal authority for doing so. The court finds that the bank has utilized the proper procedure of requiring a court order to release the funds.
The court observes that the law regarding creditor’s rights in a joint bank account is ambiguous at best. (See, Note, An Analysis of New York’s Proposed Multiple-Party Bank Account Law, 33 Buffalo L Rev 815, 825-829 [1984].) By its policy, the bank seemingly strives to meet the law’s requirement in this uncertain area and requires a court order to release the funds. It appears that the rebuttable presumption of one-half ownership created by Banking Law § 675 does not automatically entitle a creditor to one half of the funds in the account. Joint tenants are said to be seized by the half and the whole (Denton v Grumbach, 2 AD2d 420, 422). While the debtor’s whole possessory interest makes the entire account vulnerable to the levy of a money judgment (Viggiano v Viggiano, 136 AD2d 630), the nondebtor tenant’s reciprocal whole possessory interest would appear to prevent the actual release of the funds without a court order.
Furthermore, "[e]ven where a joint account is vulnerable to the levy of a money judgment against one joint tenant, such a levy is effective only as to the actual interest of that judgment debtor in the account (Olshan v East N. Y. Sav. Bank, 28 F Supp 727)”. (Viggiano v Viggiano, supra, at 631.) The preferred method for determining the actual interests of the cotenants in the jointly held funds is through a proceeding to determine adverse claims pursuant to CPLR 5239, "rather than have any decision rest upon the presumption alone.” (Denton v Grumbach, 2 AD2d 420, 422, supra.) Any method of *440 collecting against a joint bank account which would allow funds to be released solely on the authority of a levy of execution would raise serious due process questions (see generally, Bergdorf Goodman v Marine Midland Bank, 97 Misc 2d 311; Weinstein v Gitters, 119 Misc 2d 122; cf., Sitomer v North Riv. Sav. Bank, 196 Misc 870). The procedure set forth in CPLR 5227 whereby the interested parties are put on notice and the nondebtor cotenant is allowed to come forward with evidence that his interest in the account is greater than one half adequately protects these due process rights. Similarly, it appears that any time a creditor seeks to obtain more than one half of the funds in the joint account, the creditor must come forward with evidence to rebut the presumption of one-half ownership. (See, Recommendation of NY Law Rev Commn, 1984 McKinney’s Session Laws of NY, at 2990, 3005.) However, it is unclear whether a judgment creditor can fully meet this burden in a CPLR 5227 proceeding by relying on the failure of a nondebtor cotenant to intervene pursuant to CPLR 5239.
By requiring a court order the bank has formulated a policy which best protects the interests of the general banking public.
CONCLUSION
The petitioner’s request for an award of costs against the respondent bank is denied; that portion of the court’s order which awarded costs and disbursements against the respondent bank is hereby vacated.