OPINION OF THE COURT
David Friedman, J.
Three proceedings involving CPLR article 52 have simultaneously come before the court. These proceedings are Mendel *1057 v Chervanyou, Matter of J T J L, Inc. v Little, and finally Citibank v Citibank.
I. In Mendel v Chervanyou plaintiff obtained a judgment against defendant for $7,207.50. Plaintiff learned that defendant and his wife have an account at the Greater New York Savings Bank which has a balance of $13,449.11. The account was restrained but the bank took the position that since the account is jointly held no money would be disbursed without a court order. Plaintiff therefore brought on the instant motion for an order directing the bank to forward a check for $7,590.37 (amount of judgment plus marshal fees) to the City Marshal. The motion papers were personally served on the defendant but there is no indication that his wife, the cotenant on the joint account, was served.
II. In J T J L, Inc. v Little plaintiff obtained a default judgment against defendant James S. Little for $3,623. A restraining notice was served on the Green Point Savings Bank where defendant had an account. The bank responded by letter that defendant has an account in the amount of $3,650, that the account is a joint account with Pearlie M. Little and that the account is frozen but funds will not be disbursed until there is appropriate inquiry in regard to Pearlie’s interest in the account.
Plaintiff thereafter moved by order to show cause for an order directing the Green Point Savings Bank to turn over the funds in the account. The Judge signing the order to show cause authorized service by mail and the moving papers were served by mail on James S. Little as well as Pearlie M. Little. In an affirmation in support of the motion plaintiff’s attorney relates that in a telephone conversation with Pearlie she stated that the money in the account belongs to both its tenants.
III. In Citibank v Citibank, plaintiff obtained a judgment against Rosalie Scala for $1,516.61. An information subpoena and restraining notice was served on Citibank, N. A. It responded that it had an account in the name of Rosalie Scala and/or Stella Scala with a balance in excess of $1,516.61 which account is subject to the signed instructions of Stella Scala. Citibank, N. A. now seeks, by way of a notice of petition and petition, an order the effect of which is to permit it to collect the $1,516.61 from the account at its bank. The notice of petition and petition were served on Stella Scala under the provisions of subdivision (2) of CPLR 308 and were mailed to Rosalie Scala.
*1058 In all three matters there has been no response or opposition to the application to turn over funds by any party except that the bank interposed an affirmation in opposition in the Little case. Thus these matters come before the court on default and except for J T J L, Inc. v Little were even so stamped by the Special Term Clerk. The three matters present a common issue concerning the permissibility of a judgment creditor collecting from a joint bank account where only one of the joint tenants is a judgment debtor.
While only Citibank has denominated its proceeding, as one being brought pursuant to CPLR 5227, all of these matters must be considered to be applications for relief under either CPLR 5225 (b) or its companion provision of CPLR 5227, which sections are essentially interchangeable (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5227:3, at 287). These sections permit a judgment creditor to commence a special proceeding against a person holding property of the judgment debtor for the purpose of obtaining a judgment directing the property to be turned over to the judgment creditor. Both CPLR 5225 and 5227 require that the judgment debtor be served with notice of the proceeding in the same manner as a summons is served or by registered or certified mail, return receipt requested.
The procedural aspects of special proceedings such as those at bar are governed by CPLR article 4 and CPLR 403 mandates that the service commencing a special proceeding be made either in the same fashion as a summons in an action or as directed by the court in an order to show cause (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5227:1, at 283).
While the foregoing establishes that there are certain service of process requirements for commencement of these proceedings it does not address the subject of who is entitled to service when the asset the judgment creditor is seeking to collect is a joint bank account only one of whose tenants is a judgment debtor. Before resolving that question it is necessary to consider the nature of a joint bank account.
In regard to a joint bank account a bank is empowered to pay all of its proceeds to either of the joint tenants (see, Banking Law § 675 [a]). There are two presumptions which apply to such joint accounts. One is that each tenant is said to be possessed of the whole account (Viggiano v Viggiano, 136 AD2d 630; Household Fin. Corp. v Rochester Community Sav. *1059 Bank, 143 Misc 2d 436, 439). The other is that the opening of the account creates a presumption that each of the parties is entitled to half the account (Banking Law § 675; Matter of Phelps v Kramer, 102 AD2d 908; Angelo v Angelo, 74 AD2d 327, 330; Triangle Pac. Bldg. Prods. Corp. v National Bank, 62 AD2d 1017). While at first these presumptions might seem contradictory just the opposite is true. For if each tenant is said to be possessed of the whole, it is eminently reasonable to conclude that each is presumed to be entitled to half.
In any event the presumptions are rebuttable. If the presumptions are rebutted several possibilities develop insofar as a judgment creditor seeking to collect from the account is concerned.
It may appear that the judgment creditor should not collect anything from the account because all of its funds are properly those of the nonjudgment debtor tenant. Alternatively, rebuttal of the presumptions may benefit the judgment creditor if there is a showing that all of the funds are property of the judgment debtor. The key point is that there can be no justification within the realm of due process for disbursing the money in such a joint account without advising not only the judgment debtor but also the other tenant of the account (Bergdorf Goodman, Inc. v Marine Midland Bank, 97 Misc 2d 311). In fact when a judgment creditor is pursuing the funds in such a joint account the real parties in interest are the judgment debtor and the nonjudgment debtor joint tenant. It follows that the nonjudgment debtor joint tenant must be made a party to the proceeding and that service as previously indicated has to be effectuated as for a summons or as provided in an order to show cause (CPLR 403).
Applying these principles at bar shows that the proceeding in Mendel v Chervanyou must be dismissed (without prejudice to renewal) because no service was effected over the joint tenant to the account at the Greater New York Savings Bank.
In J T J L, Inc. v Little service on both joint tenants was made by mail as authorized by order to show cause. J T J L, Inc. by this proceeding is seeking funds half of which, based upon the presumption of equality, belong to a nonjudgment debtor joint tenant. Nevertheless, such joint tenant after being served has not opposed the application.
There is thus a need to balance the rebuttable presumption that each joint tenant owns half with the lack of opposition to an attempt to take more than half the account. In overcoming *1060 the presumption the burden of proof lies on the one seeking to set aside the presumption, i.e., the judgment creditor (Household Fin. Corp. v Rochester Community Sav. Bank, supra, at 440). J T J L, Inc. has presented no proof showing that the presumption should be set aside. Moreover, the nonappearance of the nonjudgment debtor tenant while obviously diminishing the amount of proof needed does not by itself constitute rebuttal of the presumption. Accordingly, I conclude that based on the unrebutted presumption of equality J T J L, Inc. may collect from the account up to one half of it proceeds.
Similarly, in the Citibank proceeding Stella Scala was served in the same way service of a summons may be made. Rosalie Scala, the judgment debtor, was served by certified mail, return receipt requested. As to this proceeding there is a troublesome aspect to awarding relief to Citibank because the response to the information subpoena indicated that the account was subject to the instructions of Stella Scala and not Rosalie Scala. However, what remains is that after proper service Stella Scala and Rosalie Scala have chosen not to oppose the application. A presumption of equality remains in effect. As with J T J L, Inc., Citibank may collect Rosalie Scale’s portion of the account.