■ GERSTEN-HILLMAN AGENCY, INC., Respondent, v LICHTENSTEIN & FRIEDMAN REALTY CORPORATION, Appellant.— Mikoll, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered June 11, 1991 in Sullivan County, which denied defendant's motion to vacate a Sheriff's sale of real property.

The focus of this appeal is on the question of whether Supreme Court erred in failing to exercise its equitable powers to set aside a Sheriff's sale to plaintiff of defendant's property located in the Town of Fallsburg, Sullivan County. Defendant seeks relief pursuant to CPLR 2003 and 5240 alleging that the sale was improperly conducted by reason of deficiencies in the notice of sale, postponement of sale and prejudice to defendant by sale of the property to plaintiff, as sole bidder, for $100, an amount alleged to be grossly inadequate.

The circumstances culminating in the forced sale of defendant's property are as follows. In July 1990 the Kings County Sheriff received an execution dated July 2, 1990 to levy on mortgage payments from Josal Variety Corporation to defendant to satisfy a judgment plaintiff had obtained against defendant in the sum of $1,425.54. The execution was returned unsatisfied. In October 1990, the Kings County Sheriff received an execution with instructions to serve defendant in connection with the sale of defendant's property. The execution was served and returned unsatisfied. On November 26, 1990, plaintiff sent a copy of the unsatisfied July 2, 1990 execution to the Sullivan County Sheriff (hereinafter the Sheriff) for levy and Sheriff's sale. On January 17, 1991, the Sheriff posted a notice of sale in six Sullivan County locations. The sale was scheduled to take place March 15, 1991 at the Sullivan County Courthouse. On January 18, 1991, the first of five notices of sale was published in a local newspaper.

On March 4, 1991, the Sheriff attempted to serve defendant with notice by mail but sent it to the wrong address. It was returned by the post office. On March 12, 1991, the Sheriff sent defendant a notice of postponement of the sale until April 12, 1991 by certified mail and allegedly by regular mail as well.[1] The certified letter was returned to the Sheriff "unclaimed". On or about March 15, 1991, a notice of postponement of sale was posted at the Sullivan County Courthouse. On March 19, 1991, defendant's representative, Hyman

---

1. No receipt is in the record as to this mailing.

Friedman, inquired of plaintiff as to how the judgment could be satisfied.

The property was sold on April 12, 1991 to plaintiff, the sole bidder, for $100. Defendant's president, Nachman Lichtenstein, arrived 20 minutes after the sale due to a car breakdown. A call was made by Friedman to plaintiff's president, Julius Cohen, regarding satisfaction of the judgment. Cohen stated that defendant could have the property back for $50,000. A Sheriff's certificate was delivered to plaintiff on April 17, 1991 and recorded in the Sullivan County Clerk's office. Defendant's subsequent motion to set aside the sale was denied by Supreme Court and this appeal followed.

Defendant urges that it was substantially prejudiced by the Sheriff's failure to give proper notice of sale and that plaintiff's bid on the property at a grossly inadequate price of $100 required the invocation of Supreme Court's equity powers to set aside the sale. We agree that improper notice was given.

Pursuant to CPLR 5236, notice of sale of real property to the judgment debtor must be personally served pursuant to the procedure set forth in CPLR 308.[2] The Sheriff in the instant matter never complied with CPLR 308. He merely attempted service of notice of sale by regular mail which, apparently, was not received by defendant. We note that when a postponement of sale occurs, the judgment debtor must be served personally or by registered or certified mail, return receipt requested (see, CPLR 5236 [d] [3]). Here, service by certified mail was ineffectual. Plaintiff should have then attempted to serve defendant personally (see, CPLR 5236 [d] [3]).

Although plaintiff argues that a notice sent by regular mail postponing the sale was never returned and thus defendant must have received it, we note that there is no receipt or affidavit of mailing contained in the record of the notice but, in any event, the statute does not allow for service by regular mail and thus such attempted notice is legally ineffectual in any case.

While a failure to give the notice required by CPLR 5236 does not affect the title of a purchaser without notice of the omission (see, Todd Supply v Hodgkiss, 133 AD2d 1006, 1007), CPLR 2003 grants courts the power to set aside a sale if there is a failure to comply with the requirement of notice and a

---

2. We decline to follow Trifiro v Hernandez (172 AD2d 515), which held that the filing requirements of CPLR 308 (2) and (4) do not apply to service of notices of sale, as contrary to the specific mandate of CPLR 5236.

substantial right of a party was prejudiced *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 520).

We conclude that Supreme Court erred in not setting aside the sale. Considering the failure to comply with CPLR 5236 in giving defendant notice, the lack of bidders at the sale, the purchase of the property for a scant $100 by plaintiff, who was not a stranger to the proceeding, that the same property had been sold for $40,000 a year earlier in a forced sale, and that plaintiff offered to resell it to defendant for $50,000 shortly after the sale, all indicate that defendant's right to pay the judgment against it prior to the sale was substantially prejudiced by breaches in notice requirements. We disagree with Supreme Court's conclusion that the receipt of papers by defendant retroactively rendered improper service valid *(cf., Reed v Trailways Bus Sys.,* 146 AD2d 763, 764). These circumstances justify the intervention of the court to avoid the harsh consequences of the forced sale. Supreme Court's reliance on *Guardian Loan Co. v Early (supra)* to the contrary is inappropriate. In *Guardian,* the sale was conducted in strict conformity with CPLR 5236, the debtors received two notices that their property was to be sold at least three months before the sale, the property was sold to a stranger to the underlying judgment and no objection was raised within a year thereafter. Unlike in *Guardian,* defendant here objected to the sale in timely fashion and the sale resulted in a gross inequity to defendant, requiring that it be set aside. In view of this result, it is not necessary to address defendant's remaining contentions.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion granted and the Sheriff's sale of defendant's property is vacated.