■ In the Matter of the Arbitration between Progressive Insurance Company, Appellant, and Judy R. Stoddard, Respondent. [651 NYS2d 763] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered December 13, 1995 in Rensselaer County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On July 10, 1984, respondent was seriously injured as a result of an automobile accident with a vehicle owned by William A. Dillenbeck, Jr. and operated by William M. Dillenbeck. Shortly thereafter, petitioner, her automobile insurance carrier, was sent a copy of the motor vehicle accident report, copies of medical bills and a no-fault insurance application. In July 1987, respondent commenced a personal injury action against the Dillenbecks. In October 1989, the Dillenbecks' automobile insurance carrier, GEICO, offered the policy limit of $10,000 in full settlement of the pending litigation.

On August 13, 1991, respondent notified petitioner of her claim to underinsurance benefits under her policy and requested petitioner to authorize the settlement of the action against the Dillenbecks. On June 30, 1995, she served a formal demand upon petitioner for arbitration of her underinsurance claim. Petitioner, in turn, commenced this proceeding to stay arbitration, claiming that the action was barred by the Statute of Limitations. Finding that the notice of petition and petition had not been properly served, Supreme Court dismissed the proceeding. This appeal ensued.

The procedural requirements for filing an application to stay arbitration are embodied in CPLR 7503. CPLR 7503 (c) provides, with respect to service, that "[n]otice of such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested". In the case at hand, petitioner attempted to serve by certified mail, but instead of affixing the return receipt card on the back of the envelope, petitioner enclosed it in the envelope. This error precluded petitioner from obtaining a properly endorsed return receipt and thereby rendered the service to be by ordinary mail. Given that the service requirements of CPLR 7503 have been strictly construed and that service by ordinary mail has

been repeatedly held to render the application jurisdictionally defective (*see, Matter of Yak Taxi v Teke*, 41 NY2d 1020; *Matter of De Charo [Cutco Indus.]*, 183 AD2d 670; *Matter of J. P. L., Inc. v L & A Music Co.*, 112 AD2d 230; *Matter of American Mut. Liab. Ins. Co. v Gladstone*, 83 AD2d 551), we find that Supreme Court properly dismissed the proceeding. Petitioner has not demonstrated special circumstances which persuade us to reach a contrary conclusion.

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.