OPINION OF THE COURT
Scott Fairgrieve, J.
This court recalls its prior decision of October 5, 2001 and issues the following corrected decision. Petitioner’s application for a turnover order, pursuant to CPLR 5225 or 5227, is *476 granted. Respondent bank is directed to turn over to petitioner monies from the account of the judgment debtor at issue, up to the full amount of the outstanding balance of the judgment owed by respondent to petitioner.
The facts demonstrate that petitioner obtained a judgment against the respondent in the sum of $3,950.23 on January 29, 2001. An information subpoena and questionnaire were served upon respondent bank Astoria Federal. Astoria Federal responded that the judgment debtor and respondent, Fred Anusiak, owned a joint bank account in the approximate sum of $5,639.68.
Petitioner’s application is unopposed. A review of the file demonstrates that the proceeding was properly commenced, including all necessary parties: the bank, Astoria Federal, and the nonjudgment tenant, Fred Anusiak. (See Mendel v Chervanyou, 147 Misc 2d 1056.) The court notes that the respondent Fred Anusiak was served personally with the petition on June 12, 2001.
Petitioner contends that it is entitled to the proceeds of the account to satisfy the judgment. This court agrees with the petitioner that it is entitled to the amount of the Astoria bank account to satisfy the judgment. Since both the respondent judgment debtor and the respondent nonjudgment cotenant were properly served with the turnover application, their default is deemed an admission and/or concession that the bank account proceeds belong to the judgment debtor.
A default in answering under New York law establishes for liability purposes the allegations of the pleading (complaint or petition). (See McClelland v Climax Hosiery Mills, 252 NY 347.) The purpose of CPLR 5225 and 5227 is to resolve in a plenary proceeding the respective rights and interests of parties to their respective interests in bank accounts. (See Matter of Ruvolo v Long Is. R. R. Co., 45 Misc 2d 136.)
A case directly on point on this subject is Mendel v Chervanyou (147 Misc 2d 1056). In Mendel, the petitioner judgment creditor claimed that it was entitled to the full proceeds of the joint account which was in the name of the judgment debtor and another person. The court held that a rebuttable presumption exists that each joint tenant owns half of the account.
In Mendel, the court stated that the petitioner judgment creditor had the burden to prove that the presumption should be rebutted to allow the judgment creditor to levy upon more than half of the account.
*477 In Mendel (at 1059-1060), the court held that the judgment creditor failed to rebut the presumption even though the non-judgment debtor tenant defaulted:
“There is thus a need to balance the rebuttable presumption that each joint tenant owns half with the lack of opposition to an attempt to take more than half the account. In overcoming the presumption the burden of proof lies on the one seeking to set aside the presumption, i.e., the judgment creditor (Household Fin. Corp. v Rochester Community Sav. Bank, supra, at 440). JTJL, Inc. has presented no proof showing that the presumption should be set aside. Moreover, the nonappearance of the non-judgment debtor tenant while obviously diminishing the amount of proof needed does not by itself constitute rebuttal of the presumption. Accordingly, I conclude that based on the unrebutted presumption of equality JTJL, Inc. may collect from the account up to one half of its proceeds.”
This court disagrees with the Mendel rationale that the judgment creditor must present further proof of the ownership interest of the defaulting nondebtor tenant. The default of the nondebtor tenant establishes that he/she has no ownership interest; this is especially true when the nonjudgment tenant is personally served and defaults in answering the allegations of the petition which seeks the full amount of the bank account.
In Household Fin. Corp. v Rochester Community Sav. Bank (143 Misc 2d 436), the court noted that the procedures set forth in CPLR 5227 (and consequently CPLR 5225), whereby the nondebtor cotenant is put on notice of the claim that the petitioner judgment creditor seeks greater than 50% of the bank account, satisfies the due process requirement of adequate notice. The court does raise the question of whether the judgment creditor can merely rely upon the default of the non-debtor cotenant to claim the whole bank account (at 439-440):
“Furthermore, ‘[e]ven where a joint account is vulnerable to the levy of a money judgment against one joint tenant, such a levy is effective only as to the actual interest of that judgment debtor in the account (Olshan v East N. Y. Sav. Bank, 28 F Supp 727)’. (Viggiano v Viggiano, supra, at 631.) The preferred method for determining the actual interests of the cotenants in the jointly held funds is through a proceeding to determine adverse claims pursuant to CPLR 5239, ‘rather than have any de *478 cision rest upon the presumption alone.’ (Denton v Grumbach, 2 AD2d 420, 422, supra.) Any method of collecting against a joint bank account which would allow funds to be released solely on the authority of a levy of execution would raise serious due process questions (see generally, Bergdorf Goodman v Marine Midland Bank, 97 Misc 2d 311; Weinstein v Gitters, 119 Misc 2d 122; cf., Sitomer v North Riv. Sav. Bank, 196 Misc 870). The procedure set forth in CPLR 5227 whereby the interested parties are put on notice and the nondebtor cotenant is allowed to come forward with evidence that his interest in the account is greater than one half adequately protects these due process rights. Similarly, it appears that any time a creditor seeks to obtain more than one half of the funds in the joint account, the creditor must come forward with evidence to rebut the presumption of one-half ownership. (See, Recommendation of NY Law Rev Commn, 1984 McKinney’s Session Laws of NY, at 2990, 3005.) However, it is unclear whether a judgment creditor can fully meet this burden in a CPLR 5227 proceeding by relying on the failure of a non-debtor cotenant to intervene pursuant to CPLR 5239.
“By requiring a court order the bank has formulated a policy which best protects the interests of the general banking public.”
This court answers the question raised by Household Fin. in the affirmative and rules that the default of the nondebtor cotenant in answering the special proceeding commenced pursuant to CPLR 5225 and 5227 adequately rebuts the presumption created by Banking Law § 675 and allows the judgment creditor to reach the whole account. To rule otherwise undermines the purpose of CPLR 5225 and 5227 to determine in an expeditious manner the rights of various parties to a bank account.
Based upon the foregoing, the court grants judgment to the petitioner for the amount of the account necessary to satisfy the outstanding judgment and directs the respondent bank Astoria Federal to pay over the amount in the account to petitioner, to satisfy the outstanding balance of the judgment owed.