OPINION OF THE COURT
Denise A. Hartman, J.
In this turnover proceeding, petitioner the State Commissioner of Taxation and Finance seeks to seize funds from defendant TD Bank, N.A. The funds are in an account jointly held by judgment debtor Patricia A. Princeprejs and Paul Burns. By letter dated February 9, 2016, petitioner requests that the court grant default judgment in its favor. Because petitioner has not complied with the service requirements of CPLR 5225 (b) and has failed to join a necessary party, petitioner’s request for a default judgment is denied.
Petitioner has submitted proof of personal service on defendant and affidavits of service demonstrating that the notice of petition and verified petition were sent by certified mail, return receipt requested, and first-class mail to the judgment debtor and account joint tenant. The return receipts were returned marked “unclaimed.”
The Need for Return Receipt Showing Delivery to Judgment Debtor’s Last Known Address
As this court recently held, certified mailing, return receipt requested, does not satisfy the service requirement of CPLR 5225 (b) unless the completed and signed return receipt or other evidence shows actual delivery to a suitable person at the debtor’s last known address (Commissioner of Taxation & Fin. v Apple Bank for Sav., Sup Ct, Albany County, Mar. 16, 2016, Hartman, J., index No. 3121-15). That the legislature intended CPLR 5225 (b) to require delivery, not just mailing, is evidenced by the statute’s requirement that notice be served by certified or registered mail, return receipt requested, or in the *397 same manner as a summons, and by its provision permitting the judgment debtor to seek to intervene in the turnover proceeding.
The statutory requirement for a return receipt must serve a purpose. That purpose is to demonstrate actual delivery— i.e., that the notice was actually given to and received by a person of suitable age at the delivery address.[1] But if service were deemed successfully completed by the mere mailing of notice with a request for return receipt, regardless of whether the return receipt shows that the notice was delivered, the requirement for a return receipt would serve no purpose, and notice could as effectively be served by first-class mail (see Matter of Progressive Ins. Co. [Stoddard], 235 AD2d 704, 704 [3d Dept 1997]; Bergdorf Goodman, Inc. v Marine Midland Bank, 97 Misc 2d 311, 313 [Civ Ct, NY County 1978]; see e.g. CPLR 3215 [g] [3] [i]). CPLR 5225 (b) contemplates that the judgment debtor may intervene. Compliance with the return receipt requirement is necessary to ensure that the judgment debtor has reasonable notice and the opportunity to seek intervention in the turnover proceeding. Due process requires as much (see Bergdorf, 97 Misc 2d at 312-313). In sum, to comply with both the statutory language and purpose, petitioner must provide a return receipt showing actual delivery to the judgment debtor’s last known address, or demonstrate that it has diligently attempted to give notice through the usual service provisions of CPLR 308 (cf. Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 41 AD3d 25, 32 [1st Dept 2007] [lack of receipt showing delivery of registered mail excused where evidence showed defendant avoided service]).
This conclusion is consistent with judicial decisions construing analogous provisions in the CPLR. For example, CPLR 5236 (d) provides that notice of postponement of a sheriffs sale must be served upon the property owner “by personal delivery or by registered or certified mail, return receipt requested.” Where the certified mail receipt indicated that it was returned “unclaimed,” the Appellate Division held such service to be ineffectual and that plaintiff was required to serve personally *398 (Gersten-Hillman Agency v Lichtenstein & Friedman Realty Corp., 182 AD2d 1041 [3d Dept 1992]).
Likewise, CPLR 7503 (c) provides that notice of an application to stay arbitration “shall be served in the same manner as a summons or by registered or certified mail, return receipt requested” (see generally Matter of Yak Taxi v Teke, 41 NY2d 1020 [1977]). The Appellate Division held in that context that the failure to obtain a return receipt “rendered the service to be by ordinary mail” and noncompliant with the strictures of the statute (Matter of Progressive Ins. Co., 235 AD2d at 704; see also Matter of Allstate Ins. Co. v Padilla, 2012 NY Slip Op 32406 [U], *3 [Sup Ct, Suffolk County 2012] [noncompliance found where “it does not appear from either of the ‘Track and Confirm’ printouts, nor from the attorney’s personal knowledge, nor from evidence of signed postal receipts, that delivery was by certified mail, return receipt requested”]).
Here, petitioner has submitted a return receipt that has been marked “unclaimed” by the United States Postal Service. Thus, notice has not been delivered to the judgment debtor’s last known address, and the service requirement of CPLR 5225 (b) has not been satisfied. Petitioner’s attempted service was not reasonably calculated to give the judgment debtor notice of the proceeding and an opportunity to seek intervention. Petitioner must either successfully complete service by certified or registered mail or serve the judgment debtor according to CPLR 308.
Account Joint Tenants are Necessary Parties
This court has recently held that an account joint tenant is a necessary party over whom a petitioner in a turnover proceeding must acquire jurisdiction (Commissioner of Taxation & Fin. v Apple Bank for Sav., Sup Ct, Albany County, Mar. 16, 2016, Hartman, J., index No. 3121-15). The only other decisions the court has discovered that directly address whether non-debtor account joint tenants are necessary parties have held that they are. In Bergdorf Goodman, Inc. v Marine Midland Bank, the court held that disposition of the turnover proceeding would require adjudication of the rights of the cotenants in the account and that the account joint tenant was thus a necessary party (97 Misc 2d at 313; see CPLR 1001 [a], [b]; accord City of New York v Chemical Bank, 122 Misc 2d 104, 109 [Sup Ct, NY County 1983] [“The city properly recognized that the joint tenancy in the account, which presumptively accords each *399 party present and contingent future interests (see Banking Law, § 675; EPTL 6-2.2)(,) mandated that (a joint tenant) be joined as a necessary party”]; Mendel v Chervanyou, 147 Misc 2d 1056, 1059 [Civ Ct, Kings County 1990]).
Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc. provides further support for the proposition that account joint tenants must be joined as necessary parties in turnover proceedings (87 AD3d 119 [1st Dept 2011], affd 19 NY3d 543 [2012]). In Swezey, the Appellate Division, First Department, considered whether the Republic of the Philippines was a necessary party to a turnover proceeding. The proceeding was commenced by a class of people whose human rights had been violated by the Marcos regime. The class sought to seize funds held by Merrill Lynch in the account of a “Panamanian entity formerly owned by Marcos” (id. at 123). Two intervening parties asserted that the Republic of the Philippines was a necessary party because a Philippine court had ruled in a separate proceeding that the Republic was the true owner of the funds in the Merrill Lynch account. The Court held that “the Republic is a person that . . . ‘possesses an actual, current interest in the property in question,’ ” and that the Republic was a necessary party to the proceeding because the Republic “ ‘might be inequitably affected by a judgment disposing of [the] assets in its absence’ ” (id. at 126, quoting Bergdorf, 97 Misc 2d at 314; 128-129, quoting CPLR 1001 [a]). Here, as in Swezey, the account joint tenant “possesses an actual, current interest” in the TD Bank account that “might be inequitably affected by a judgment” in favor of petitioner.
Matter of Signature Bank v HSBC Bank USA, N.A. (67 AD3d 917 [2d Dept 2009]) and Matter of JRP Old Riverhead, Ltd. v Hudson City Sav. Bank (106 AD3d 914 [2d Dept 2013]) are inapposite. Neither case addresses the propriety of service of notice upon account joint tenants by certified mail or whether account joint tenants are necessary parties. Each recognizes that “the opening of a joint bank account creates a rebuttable presumption that each named tenant is possessed of the whole of the account” (Matter of Signature Bank, 67 AD3d at 918 [internal quotation marks omitted]; see Matter of JRP Old Riv-erhead, Ltd., 106 AD3d at 914).[2] The rebuttable presumption asserted by petitioner does not support its argument that an *400 account joint tenant is not a necessary party. Rather, it implies that an account joint tenant’s rights could be inequitably affected by a turnover proceeding if the joint tenant is not afforded an opportunity to rebut the presumption (see Matter of Signature Bank, 67 AD3d at 918 [presumption rebutted where joint tenant demonstrates account “opened for convenience only”]).
Finally, if the court were to grant the relief that petitioner seeks, the account joint tenant would be dispossessed of the funds in the targeted account without any notice or opportunity to respond, as the notices sent to him were unclaimed. Unlike the judgment debtor, who after all was a party to the underlying judgment, an account joint tenant cannot be presumed to be aware of the debt and judgment, let alone the pending seizure of his funds. Seizure of property without any notice raises serious due process concerns.
In sum, if petitioner is afforded complete relief, the joint tenant may be inequitably affected by loss of his funds (see CPLR 1001 [a]).[3] Accordingly, petitioner must obtain personal jurisdiction over him by serving him pursuant to CPLR 308.
Accordingly, it is ordered that petitioner’s application for a default judgment is denied.

. The United States Postal Service form 3811, which is the form used for return receipts, requires the signature of a person of suitable age, showing that he or she accepted delivery of the mail, and the date of such delivery (see United States Postal Service, Domestic Return Receipt, https://store.usps.com/store/browse/productDetailSingleSku.jsp?productId= P_FORM_3811).

. But see e.g. Direct Merchants Credit Card Bank v Greenpoint Bank, 2003 NY Slip Op 50784(U), *3 (Nassau Dist Ct 2003) (“There is a judicial disagreement over whether the default in appearance of the non-judgment *400 debtor respondent to a turnover proceeding aimed at a joint bank account is alone sufficient to entitle the court to award to the judgment creditor petitioner the turnover of more than half the account”).

. The court does not now decide whether, and under what circumstances, it would excuse joinder pursuant to CPLR 1001 (b), as petitioner has not shown any attempt to locate or join the account joint tenant or offered any reason why joinder should be excused.