Scott v Citibank, N.A. (2025 NY Slip Op 51777(U))

[*1]

Scott v Citibank, N.A.

2025 NY Slip Op 51777(U)

Decided on November 10, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 10, 2025
Supreme Court, Kings County

Vanessa Scott, Petitioner,

against
Citibank, N.A., Respondent.

Index No. 526820/2025

Petitioner's Attorney
Philip M. Vessa, Esq.
The Vessa Law Firm LLP
626 RXR Plaza, 6th Floor
Uniondale, NY 11556-3829
516-248-8010
pmv@vessalaw.com
Respondent's Attorney
None recorded
Attorney for Non-Party Serge Dubuisson, judgment debtor
Tarik Davis, Esq.
Davis Ndanusa Ikhlas & Saleem LLP
26 Court Street, Suite 603
Brooklyn, NY 11242
347-683-0834
tdavis@dnislaw.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of petition filed on August 8, 2025 under motion sequence number one, by Vanessa Scott (hereinafter petitioner) for an order pursuant to CPLR 5225 (b) directing Citibank N.A. (hereinafter respondent) to pay the attorney for the petitioner/judgment debtor, the sum of $248,160.24, on account of a judgment entered in this court on July 3, 2025, in favor of the petitioner, and against Serge Dubuisson, (hereinafter judgment debtor) upon the ground that the respondent is in possession of assets and/or [*2]indebted to the judgment debtor. The motion is unopposed.
Notice of petition and petition
Affirmation in support
Exhibits A-E
BACKGROUND
On August 8, 2025, Vanessa Scott commenced the instant special proceeding by filing a notice of petition, verified petition, and annexed exhibits (hereinafter the commencement papers) with the Kings County Clerk's office (hereinafter "KCCO"). 
The verified petition alleged the following salient facts. On March 10, 2021, Vanessa Scott commenced an action, Vanessa Scott v Serge Dubuisson, index no. 505670/2021, in the Supreme Court, Kings County (hereinafter "the personal injury action"), seeking damages because of injuries sustained in a motor vehicle collision. 
On July 3, 2025, following an inquest, a judgment was duly entered in the KCCO in favor of the petitioner and against the defendant/judgment debtor, Serge Dubuisson, in the sum of $320,782.50. No part of the aforesaid judgment for the sum of $320,782.50 has been paid or satisfied. Following the service of a restraining notice and information subpoena upon the respondent by petitioner's counsel, it was discovered that the respondent is in possession of a bank account held by the defendant/judgment debtor, Serge Dubuisson, with an available balance of $248,160.24. 
Neither the judgment debtor nor the respondent has appeared or submitted opposition to the petition.
MOTION PAPERS
Petitioner's motion papers consist of a notice of petition, a verified petition, and an affirmation of petitioner's counsel in support. The affirmation of petitioner's counsel described four annexed exhibits labeled A through E. Exhibit A is the transcript of the inquest conducted on February 18, 2025, on the personal injury action. Exhibit B is a copy of the restraining notice and information subpoena, a copy of the judgment entered on the personal injury action, and an exemption notice and claim form. Exhibit C is a copy of the respondent's response. Exhibit D is an affidavit of service of the commencement papers of the instant special proceeding upon the judgment debtor. Exhibit E is an affidavit of service of the commencement papers of the instant special proceeding upon the respondent.
LAW AND APPLICATION
CPLR 5225 pertains to payment or delivery of property of a judgment debtor. CPLR 5225 (a) pertains to property in the possession of the judgment debtor and CPLR 5225 (b) pertains to debtor's property that is not in the possession of the judgment debtor. CPLR 5225 (b) applies to the instant action and provides as follows:
Property not in the possession of judgment debtor. Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in [*3]which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. Costs of the proceeding shall not be awarded against a person who did not dispute the judgment debtor's interest or right to possession. Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 5239.
"In order to sustain a petition pursuant to CPLR 5225(b), a petitioner must establish that the respondent was in possession of money or assets in which the petitioner had an interest or that the respondent was a transferee of money or assets from the judgment debtor and that the petitioner's rights to the money or assets were superior to the respondent's rights to the money or assets" (Taunton Metals of Florida, Inc. v Solutions in Stainless, Inc., 234 AD3d 726, 729 [2d Dept 2025], citing Matter of Rockefeller v Statement Servs., Corp., 204 AD3d 920, 921 [2d Dept 2022]).
In a special proceeding, "[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409 [b]; Matter of Saadia Safdi Realty, LLC v Press, 207 AD3d 633, 635 [2d Dept 2022]). "CPLR 5225 (b) provides for an expedited special proceeding by a judgment creditor to recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment" (Matter of Rockefeller v Statement Servs., Corp., 204 AD3d 920, 921 [2d Dept 2022]; citing Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918 [2d Dept 2009]). "Such a proceeding may also be maintained 'against a person who is a transferee of money or other personal property from the judgment debtor'" (Matter of Rockefeller v Statement Servs., Corp., 204 AD3d 920, 921 [2d Dept 2022]; citing CPLR 5225 [b], and citing Matter of Goldberg & Connolly v Xavier Constr. Co., Inc., 94 AD3d 1117, 1118 [2d Dept 2012]). 
CPLR article 4 sets forth the rules governing special proceedings. CPLR 409 (b) provides in pertinent part that "[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are [*4]raised" (CPLR 409 [b]). "Pursuant to CPLR 409 (b), in a special proceeding, where there are no triable issues of fact raised, the court must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it" (Matter of Korotun v Laurel Place Homeowner's Assn., 6 AD3d 710, 711-712 [2d Dept 2004], citing Matter of Friends World Coll. v Nicklin, 249 AD2d 393, 394 [2d Dept 1998]). CPLR 403 (c) provides that "[a] notice of petition shall be served in the same manner as a summons in an action" (CPLR 403 [c]).
With the filing of a petition under article 52 of the CPLR, there are specific methods of service of the commencement papers on the respondent and the judgment debtor. In accordance with CPLR 403 (c), the respondent must be served in the same manner as a summons (CPLR 403 [c]). In accordance with CPLR 5225 (b), the judgment debtor must be served "in the same manner as a summons or by registered or certified mail, return receipt requested" (CPLR 5225 [b]). 
"The plaintiff has the burden of proving the court's personal jurisdiction over a defendant" (Sidney v Genova, 241 AD3d 1492 [2d Dept 2025], quoting Nationstar Mtge., LLC v Moyaev, 235 AD3d 648, 649 [2d Dept 2025]). Here, the petitioner alleges, in exhibit D, that the judgment debtor was served with the commencement papers via certified mail, return receipt requested. However, there was no certified mail return receipt filed with the Kings County Clerk's office. The plaintiff has not proffered the certified mail return receipts of service over the judgment debtor. Without them, the petitioner cannot establish when and if the debtor received service of the commencement papers (see Reserve Funding Group LLC v JL Capital Holdings LLC, 77 Misc 3d 1221 [A], 2022 NY Slip Op 51322[U], *5 [Sup Ct, Kings County 2022]; see New York State Commr. of Taxation & Fin. v TD Bank, N.A., 55 Misc 3d 395, 396-397 [Sup Ct, Albany County 2016]. There remains an open and yet unresolved question regarding whether the court has personal jurisdiction over the judgment debtor. 
Additionally, in exhibit E, the petitioner alleges having served the respondent via "a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York" as well as by fax and email. However, there is no statutory authority for serving a summons on a corporate defendant by the method employed by the petitioner. Consequently, the petitioner did not acquire personal jurisdiction over the respondent. This fact alone is sufficient to deny and dismiss the petition.
CONCLUSION
The petition by Vanessa Scott for an order pursuant to CPLR 5225 (b) directing Citibank N.A., to pay the attorney for the petitioner/judgment debtor, the sum of $248,160.24 is denied and the petition is dismissed.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.