In the Matter of the Proceedings to Compel Delivery of Personal Property, Alleged to Be Held by the Estate of HATTIE HICKMOTT, Deceased. JAMES W. HORNSBY, Petitioner, Appellant; ALICE MAY GILMAN, as Executor, etc., of HATTIE HICKMOTT, Deceased, and Another, Respondents.— Decree affirmed, with costs. Memorandum: Involved in this case is the nature of a deposit in the Canandaigua

National Bank and Trust Company, a domestic corporation organized under the laws of the United States, which at the time of the decedent's death on December 7, 1936, stood in the names of the decedent and the appellant " as joint tenants, payable to either or the survivor." We are of the opinion that the Banking Law of the State applies to deposits in such a banking corporation (Banking Law, § 2), and the applicable sections of the Banking Law as it existed at the time of the death of the decedent were sections 148 and 198, now consolidated and incorporated in section 134. Under the provisions of the statute a presumption arose that a joint tenancy had been created. This, however, was a rebuttable presumption (*Clary* v. *Fitzgerald*, 155 App. Div. 659; affd., 213 N. Y. 696), and the evidence in this case is overwhelming to the effect that no such joint tenancy was intended. The provision of the Banking Law (§ 249; now § 239) relating to deposits in savings banks, then and now providing for a conclusive presumption of joint tenancy at the death of one of the depositors of such a deposit, is inapplicable because of the character of the institution in which the deposit was made. If it should be held that the Banking Law of the State was not applicable to deposits in a national bank, a like question would be presented as to the intention of the depositors and the result would be the same. At common law there was not even a presumption of a joint tenancy. (*Kelly* v. *Beers*, 194 N. Y. 49.) All concur. (The decree adjudges a certain bank account to be the property of decedent's estate.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ. [166 Misc. 536.]