In the Matter of the Application of JOHN RILEY, as Administrator, etc., of CATHERINE E. RILEY, Deceased, to Discover Property Withheld.

JOHN RILEY, Petitioner, Respondent; MARY L. CUERDON, Respondent, Appellant.

Third Department, April 30, 1941.

*John J. Sweeney,* for the petitioner-respondent.

*Edward M. Murray,* for the respondent-appellant.

SCHENCK, J. This is a discovery proceeding by the administrator of the estate of Catherine E. Riley. The question involves the ownership of some $1,234.39 which was withdrawn from a joint savings account in the Manufacturers National Bank of Troy by respondent Cuerdon a few days after death of decedent. The funds involved were in a joint account payable to deceased, or respondent, or survivor.

The account, however, although opened in 1920 and added to periodically since that time, was solely the property of deceased and was in her name alone until June 19, 1940, when it was closed by withdrawal and redeposit in the form of the joint account. On June nineteenth deceased was seriously ill in the Troy Hospital

where she had been since June seventh. Respondent, deceased's sister, obtained a withdrawal slip and signature card which were executed by deceased and returned to the bank by respondent.

The evidence is overwhelming that it was the intention of deceased in creating the joint account to facilitate payment of bills while she was in the hospital. The evidence shows that a fifty-dollar nurse's bill was paid by a withdrawal from the account shortly after the account was transferred to a joint deposit. Statements made by respondent to the bank clerk who handled the transaction, statements by respondent to members of her family, the situation as to the fifty-dollar nurse's bill and the likelihood of other expenses confronting deceased when the joint account was created, together with the whole history of the account were sufficient to substantiate the surrogate's decision that no joint account, in fact, was ever intended to be created by deceased and that, accordingly, the proceeds therefrom should be paid to the administrator of her estate.

The argument that the ownership of the account was conclusively presumed to have vested in respondent at her sister's death is without merit. Subdivision 3 of section 239 of the Banking Law applies only to savings bank accounts. Any " conclusive presumptions " given under this section do not apply to National bank deposits. (*Matter of Hickmott*, 256 App. Div. 1047.) However, it is my opinion that even a presumption such as created under subdivision 3 of section 239 of the Banking Law is rebutted by the proof of the fraudulent treatment of this deceased while on her death bed that has been adduced in this case.

The controlling section here is properly section 134 of the Banking Law. This applies to National banks and creates a rebuttable presumption of joint tenancy. Such a presumption has, of course, been rebutted here.

The decree appealed from should be affirmed.

Crapser, Bliss and Foster, JJ., concur.

Hill, P. J., dissents: Two brothers of decedent gave testimony on behalf of the decedent concerning personal transactions with the decedent. This opened the door for evidence on behalf of the respondent. Its exclusion was error and in violation of section 347 of the Civil Practice Act. A new trial should be had.

Decree of the surrogate affirmed, with costs.