In the Matter of the Estate of LILLIAN S. DRESCHLER, Deceased. EARL H. QUINN, as Administrator of the Estate of LILLIAN DRESCHLER, Deceased, Appellant; ELMER DRESCHLER, Respondent.

Fourth Department, May 13, 1953.

*Benjamin Franklin* and *Samuel E. Chasin* for appellant.

*Edward J. Elsaesser* and *Eugene F. Elsaesser* for respondent.

*Per Curiam.* The appeal is from that part of a decree of the Surrogate of Erie County which determines that a certain account formerly in the names of the decedent and respondent in the Liberty Bank of Buffalo and certain savings shares (described in the decree as a bank account) of the Community Savings and Loan Association formerly in the names of decedent and respondent are the property of respondent.

The testimony of the secretary of the loan association together with the ledger card and signature card established the intent of the decedent and respondent to establish a joint tenancy with survivorship as to the savings shares. (See Banking Law, § 394, subd. 1, and *Matter of Fenelon,* 262 N. Y. 308.)

The testimony of the officer of the Liberty Bank together with the ledger card and signature card established the intent of the decedent and respondent to create a joint tenancy with survivorship as to that bank account. (See Banking Law, § 134, subd. 3, and *Matter of Fenelon, supra.*)

When respondent withdrew the shares in the Community Savings and Loan Association during the lifetime of the decedent he " did not destroy the joint tenancy or the title of the survivor, if a joint tenancy had been created. It [the withdrawal] did however, open the door to competent evidence, if any was available, that the tenancy created at the opening of the account was in truth something different from the tenancy defined by the presumption." (*Marrow* v. *Moskowitz,* 255 N. Y. 219.)

As to the account in the Liberty Bank, when respondent made the withdrawal in the lifetime of decedent, we think the presumption of joint tenancy continued until it was overcome by competent evidence, as if the withdrawal had not been made.

We agree with the Surrogate that there is no evidence in this record which in any way tends to defeat the presumption that as to both accounts the intention of the decedent was to create a joint tenancy with survivorship.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Decree insofar as appealed from affirmed, with costs.