Pette, J.
Plaintiffs move (1) for a temporary injunction restraining the defendant Tiedemann (hereinafter called the defendant) from withdrawing certain funds from the defendant bank and restraining the bank from permitting such withdrawals and (2) for an order vacating items 3 and 8 of the defendant’s demand for a bill of particulars.
The defendant moves (1) for an order of preclusion and (2) for an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action. The motion testing the sufficiency of the complaint will be disposed of first.
Assuming, as we must, on a motion to dismiss for insufficiency, that the factual allegations of the complaint are true, it appears that the plaintiffs are the son and daughter of one William A. Tiedemann, who died on November 9, 1955. About two weeks before his death, while he was physically unable to care for himself, he executed certain papers which had the effect of transferring about $17,000 of his own money to a hank account in the joint names of himself and the defendant. Plaintiffs claim that as the sole distributees and heirs at law of the decedent the money so transferred belongs to them; that the money was transferred for the sole purpose of facilitating the payment of medical and nursing hills of the decedent; and that defendant *1076 has refused to turn over said money to the plaintiffs and now claims it as his own.
Although the plaintiffs have sued as individuals rather than as administrators of their father’s estate, defendant has not questioned their capacity to sue (cf. Rules Civ. Prac., rule 106, subd. 2), and it is now too late to raise that issue (Civ. Prac. Act, § 278, subd. 1, par. [b]).
Since the joint account was opened in a national bank rather than a savings bank, section 239 of the Banking Law is unapplicable. The presumption created by section 134 of the Banking Law is rebuttable. (Matter of Hickmott, 256 App. Div. 1047; Matter of Jagodzinska, 272 App. Div. 660.) The complaint states a cause of action (Matter of Riley, 261 App. Div. 690) and the motion to dismiss it for insufficiency is denied.
In opposition to plaintiffs’ motion for a temporary injunction defendant has rested on the objection that plaintiffs’ moving affidavit is incompetent under section 347 of the Civil Practice Act. He has, therefore, not alleged any facts to dispute plaintiffs’ allegations.
Section 347 of the Civil Practice Act bars a person interested in the event from testifying in his own behalf “ concerning a personal transaction or communication between the witness and the deceased person ”. The facts alleged in plaintiffs’ moving affidavit are such that they are presumably within their own knowledge or could have been learned, upon information and belief, from persons other than the decedent. Plaintiffs allege that in the fall of 1955 their father became ill with cancer. This they may have learned from the attending physician or from the hospital records. Their mother died on September 28, 1955, while their father was in the hospital. Presumably they learned of this event even before their father did. Her funeral bill is still unpaid. Their father returned home on October 2, 1955. Plaintiff Lorraine was working and unable to care for her father. Plaintiff William is a member of the New York City police force and, likewise, was unable to take care of his father. These facts are obviously within the plaintiffs’ own knowledge.
Arrangements were made to have their father stay with their uncle, the defendant, who allegedly knew that their father was not expected to live. Their father’s money was withdrawn from other banks and deposited in a joint account in the defendant bank. Presumably this can be established by bank records.
Plaintiffs further allege that the defendant was informed that the only reason for putting his name on the account was to arrange for the payment of the debts and expenses. It does not appear who informed the defendant, but it may be that the *1077 plaintiffs had a hand in making the arrangements. If it develops at the trial that plaintiffs have alleged this solely because their father told them so, suitable objection can be made at that time.
Plaintiffs further allege that although requested to do so defendant has not paid their mother’s funeral bill or doctors’ expenses. Their father’s funeral bill and medical bills are, also, still unpaid. Defendant has refused to turn over the funds on deposit.
Under the circumstances, defendant’s objection, based on section 347 of the Civil Practice Act, is not well taken and plaintiffs have made out a proper case for the issuance of a temporary injunction. Their motion is granted.
Plaintiffs’ motion to modify defendant’s demand for a bill of particulars by striking items 3 and 8 is granted. Said items call for the names of witnesses.
Defendant’s motion for an order of preclusion is granted unless plaintiffs furnish a bill, in accordance with the demand as herein modified, within ten days after service of a copy of the order to be entered hereon.
Settle order.