Robert Denton, Jr., Respondent, *v.* Dorothy Grumbach et al., Appellants, et al., Defendants.

Third Department, November 9, 1956.

*Edward J. Speno, Raymond Reisler* and *E. M. Ostrow* for Andrew Denton, appellant.

*Edward J. Speno* and *E. M. Ostrow* for Dorothy Grumbach, appellant.

*Lawrence E. Lagarenne* for respondent.

FOSTER, P. J. Defendants Dorothy Grumbach and Andrew Denton appeal from an order of the Supreme Court which denied their motions to vacate an order of attachment against their joint bank account.

The plaintiff has commenced an action against these defendants, among others, alleging that they fraudulently obtained possession of moneys belonging to him in the sum of approximately $19,000. The appellant-defendant Andrew Denton is in the military service and has been for some years. He is in fact a professional soldier. At the time the attachment was levied against moneys deposited in a joint account in the Franklin National Bank, Uniondale, New York, this appellant was a Master Sergeant in the United States Air Force, stationed at an Air Force base in Chatham County, Georgia. According to his own affidavit, recited in part in the papers herein, he maintained a residence and domicile in such State.

The appellant, in his motion to vacate the attachment, invoked section 306 of the New York Soldiers' and Sailors' Civil Relief Act of 1951 (Military Law, art. XIII), which gives to a proper court, in its discretion, the power to vacate an attachment levied against property of a soldier or sailor, unless in the opinion of

the court the defendant's ability to comply with the order entered or sought is not materially affected by reason of his military service. It was the opinion of the Special Term that the ability of the appellant Denton to defend the action herein was not materially affected by reason of his military service as a career soldier. We concur in this view and do not find that the Special Term abused its discretion.

The appellant Dorothy Grumbach is a resident of the State of New York, and apparently an attachment against her account, if it stood alone, could not be justified under section 903 of the Civil Practice Act. It is argued in her behalf that as a joint tenant she has a legal right to one half the money in the account at any time (*Matter of Suter,* 258 N. Y. 104), and hence that the attachment should be lifted at least against her interest. Plaintiff argues to the contrary that since the appellant Denton's interest includes his right of survivorship the attachment affects the entire account, not merely a half interest.

The opening of a joint account in a national bank creates a rebuttable presumption that the interest of the depositors is that of joint tenants (Banking Law, § 134, subd. 3; *Matter of Riley,* 261 App. Div. 690; *Matter of Juedel,* 280 N. Y. 37). Of course proof may be taken to show that the presumption differs from the true situation as to ownership and the amounts thereof (*Marrow* v. *Moskowitz,* 255 N. Y. 219; *Matter of Juedel, supra; Matter of Dreschler,* 282 App. Div. 4). However joint tenants are said to be seized *per my et per tout,* or by the half and the whole (*Matter of McKelway,* 221 N. Y. 15, 19), and therefore in the first instance at least an attachment against the whole is proper. From the papers submitted in this matter it cannot be found with any certainty what the proportionate interests of the appellants in the joint account may be. The appellant Grumbach has a remedy under section 924 of the Civil Practice Act for the release of her interest providing she submits satisfactory proof of the extent thereof. This is the practice to be preferred rather than have any decision rest upon a presumption alone.

The order should be affirmed, with $10 costs, without prejudice however to the right of the appellant Grumbach to make such other and further application as she may be advised.

Bergan, Coon, Halpern and Gibson, JJ., concur.

Order affirmed, with $10 costs, without prejudice however to the appellant Grumbach to make such other and further application as she may be advised.