Anthony P. Savarese, S.
Peter W. Kummer and his wife had a joint account in a local savings bank. After her death he transferred the balance of $5,387.58 to the Franklin National Bank and with which he opened an account in his name or Frances Soho, his daughter, with whom he was then living. Both affixed their signatures on a card and above which there was printed “I/We hereby agree that this account when accepted shall be governed by the rules and regulations of THE FRANKLIN NATIONAL BANK of FRANKLIN SQUARE, NEW YORK, relative to Special Interest Accounts, as contained in my/opy *470 passbook. If there be more than one undersigned, each of us declare this account to be a joint account payable to either of us or the survivor. Each of the undersigned does hereby authorize the other to endorse for deposit and to deposit in the said account checks and other instruments for the payment of money belonging to either or to both of us.” There was also stamped on the bank’s ledger card and in the bank book opposite the names of the depositors and above the initial deposit the words “ joint account payable to Either or Survivor.”
Mr. Kummer died on October 16, 1957. His will made on October 7, 1956 was admitted to probate on December 2, 1957. He named his son Peter and his attorney, the draftsman of the will, as executors who brought this proceeding against his daughter to recover the bankbook, household furniture and personal effects alleged to belong to the decedent. The petition alleges that the account was opened as a matter of convenience, that his daughter acted as his agent and that after his death she promised to and later refused to deliver the bankbook to the petitioners. The respondent interposed an answer in which she denied, among, other things, that the account was created for her father’s convenience and that she acted as his agent and alleged title to the account.
The documentary evidence discloses that between February 14, 1957 and July 22, 1957 decedent signed four withdrawal slips and withdrew the total sum of $845. The respondent on different days during the same period made six withdrawals totaling $2,375. All withdrawals were entered in the bank book. The representative of the bank testified that decedent appeared at the bank on a number of occasions. It is evident that each had possession of the bankbook at the times the withdrawals were made and entered therein. There is no evidence that decedent ever objected to the withdrawals made by his daughter. It is unreasonable to assume that decedent would submit to respondent’s control and use of the account unless he had given her proprietary interest therein. Knowledge, approval and consent on the decedent’s part are implicit in the transactions had. The account was treated as joint property. There is no doubt in the mind of the court that decedent intended that the account should be a joint one with all the incidents flowing therefrom. There is no proof that decedent was unaware of the nature and effect of his action. The intent to create a joint account appears to be expressly confirmed by the joint account agreement subscribed by both, and wherein they plainly and unequivocally declared the account to be a *471 joint account payable to either or the survivor of them. Although subdivision 3 of section 134 of the Banking Law does not expressly mention national banks, there are decisions that an account opened in such a bank in the form here indicated gives rise to a presumption that a joint account was intended. (Matter of Riley, 261 App. Div. 690; Denton v. Grumbach, 2 A D 2d 420 ; Tiedemann v. Tiedemann, 1 Misc 2d 1074.) While the presumption is rebuttable, petitioners have not shown a contrary intention. There is no substance to the claim that the account was opened for convenience or that respondent acted merely as an agent of the father. There is an absence of evidence that she has possession of the alleged other personal effects. The proceeding is dismissed on the merits. Proceed accordingly on notice.