■ JUDITH VIGGIANO, Respondent, v JOSEPH VIGGIANO, Appellant, and ANNA B. VIGGIANO, Nonparty Appellant.—In a proceeding pursuant to CPLR 5240 to vacate a levy of execution of a postdivorce money judgment obtained by the plaintiff wife upon an account in the joint names of the defendant husband and his mother, the defendant husband and his mother as an "interested person" appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered April 23, 1987, which denied their motion to vacate and set aside the execution.

Ordered that the order is reversed, on the law and the facts and in the exercise of discretion, with costs, and the motion is granted; and it is further,

Ordered that the plaintiff shall pay to the Sheriff of Nassau County his levy fee as provided in CPLR 8011 (b) (2), and poundage as provided in CPLR 8012 (b) (1).

The opening of a joint bank account creates a rebuttable presumption that each named tenant is possessed of the whole of the account so as to make the account vulnerable to the levy of a money judgment by the judgment creditor of one of the joint tenants *(Denton v Grumbach,* 2 AD2d 420, 422; *see also,* Banking Law § 675).

Here the defendant husband and his mother were joint tenants in an account against which plaintiff wife sought to levy a money judgment for postdivorce child support arrears. The defendant husband and his mother as an "interested person", as contemplated in CPLR 5240 *(see, Triangle Pac. Bldg. Prods. Corp. v National Bank,* 62 AD2d 1017) sought to vacate the levy claiming that the account was intended by the mother to be a convenience account for her benefit and that the defendant husband had no interest in the account. The plaintiff wife does not dispute this contention relying only on the fact that because of the form of the account, the defendant husband had a present interest in the account and could at any time withdraw the entire sum. That being so, the plaintiff

wife claims that the joint account was subject to her levy pursuant to CPLR 5201 (b).

By sworn affidavit the defendant husband and his mother have shown that the funds in this joint account are traceable to various death benefits she received upon her husband's death in 1981. The particular account was opened in 1984 with a part of those death benefits and the defendant husband's name was added as a convenience in the event of the mother's illness or disability. The mother maintained sole possession of the bankbook, took possession of all interest earned and paid all taxes due on the interest. Both the defendant husband and his mother stated that the defendant husband made no deposits to or withdrawals from the account.

The burden of proof to rebut the presumption that a joint account was intended rather than a convenience account in that form is upon the defendant husband and his mother *(Sherman v Georgopoulos,* 84 AD2d 811). The facts presented showed an intention to create a convenience account and not to give the defendant husband any interest in the account. Thus, the presumption that a joint account was intended was rebutted *(Wacikowski v Wacikowski,* 93 AD2d 885). Absent any controversion of those facts, the plaintiff wife, as a matter of law *(see, Matter of Phelps v Kramer,* 102 AD2d 908), can no longer rely on the presumptive rights of her ex-husband in the account as a joint tenant.

Even where a joint account is vulnerable to the levy of a money judgment as against one joint tenant, such a levy is effective only as to the actual interest of that judgment debtor in the account *(Olshan v East N. Y. Sav. Bank,* 28 F Supp 727 [US Dist Ct., ED NY 1939]; Annotation, *Attachment-Joint Bank Account,* 11 ALR3d 1465, 1473).

We find that in light of the above disposition, the plaintiff is responsible for all fees and poundage due to the Sheriff of Nassau County *(see,* CPLR 8012 [b]; *Matter of Associated Food Stores v Farmer's Bazaar,* 126 Misc 2d 541). Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.