■ BROWNSVILLE ASSOCIATES, Respondent, v SALLIE MATHIS, Appellant.—In an action for ejectment and to recover damages, the defendant appeals from so much of an order of the Supreme Court, Kings County (Golden, J.) dated October 9, 1987, as, upon reargument, adhered to the original determination in an order dated July 8, 1987, denying that branch of her motion which was to vacate a default judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Initially we note that, contrary to the plaintiff's assertion, an order granting reargument but adhering to the original determination is appealable *(see, Dennis v Stout,* 24 AD2d 461; *Council Commerce Corp. v Paschalides,* 92 AD2d 579).

A party attempting to vacate a default judgment on the ground of excusable default (CPLR 5015 [a] [1]) must establish both that there is a reasonable excuse for the default and that there exists a meritorious defense *(see, Schultz v Ruggiero,* 129 AD2d 573; Siegel, NY Prac § 108). The defendant contends that there was an excusable default, i.e., she never received the summons and complaint, and a meritorious defense, i.e., res judicata. However, the record shows that the defendant

was personally served with the summons and complaint at the correctional institution where she is confined. Furthermore, with regard to the merits, the instant ejectment action was not barred under the doctrine of res judicata by the prior dismissal of the plaintiff's summary holdover proceeding *(see, Modell & Co. v Minister, Elders & Deacons of Refm. Prot. Dutch Church,* 68 NY2d 456, *rearg denied* 69 NY2d 741; *Walsh v Somerville,* 75 AD2d 511; *Health & Beauty Studios v Gray,* 48 AD2d 632, *appeal dismissed* 36 NY2d 938; RPAPL 747 [2]). Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.