■ DOWLING TEXTILE MANUFACTURING COMPANY, Respondent, v FRANK J. LAND, Appellant.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion to vacate the default judgment entered against him. A party attempting to vacate a default judgment on the ground of excusable default (see, CPLR 5015 [a] [1]) must establish both that there is a reasonable excuse for the default and that there exists a meritorious defense (see, General Elec. Tech. Servs. Co. v Perez, 156 AD2d 781; Brownsville Assocs. v Mathis, 137 AD2d 743; Foley Mach. Co. v Amaco Constr. Corp., 126 AD2d 603). The defendant has not met this burden. He contends that his current attorney, who was substituted for his former attorney, was ill and unable to interpose an answer on his behalf. However, we note that the defendant offers no excuse for his former attorney's failure to answer even after the plaintiff, by stipulation, extended the time to do so. Under these circumstances, we cannot accept the defendant's assertion that the illness of his current attorney caused or contributed to his default.

Furthermore, the defendant's allegation that he has a meritorious defense to this action is belied by the record. While the defendant claims that the goods in question were defective, we note that several months prior to the commencement of this action, he executed a personal guarantee of the payment for these goods which waived any potential defenses.

The defendant has failed to rebut the presumption that he and his sister are the joint owners of a checking account maintained at Chemical Bank (see, Viggiano v Viggiano, 136 AD2d 630; Denton v Grumbach, 2 AD2d 420, 422; Sherman v Georgopoulos, 84 AD2d 811). In this regard, we note that the defendant has failed to produce any documentation to support his allegation that the bank required him to open the joint account in order to pay off an installment loan he obtained to purchase a yacht, which he subsequently transferred to his sister. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.