■ ISABELLE O. TAYAR, Respondent, v MAJED E. TAYAR, Appellant. [618 NYS2d 219] —In an action for a divorce and ancillary relief, the defendant appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated January 7, 1992, as, upon a motion, *inter alia*, to vacate a prior order of the same court, dated April 18, 1991, which, *inter alia*, awarded the plaintiff counsel fees and appraisal fees, adhered to the original determination, (2) from a judgment of the same court, dated April 2, 1992, entered upon the order dated January 7, 1992, and (3) as limited by his brief, from so much of an order of the same court, also dated April 2, 1992, as, upon the motion to vacate the prior order dated April 18, 1991, failed to remove notices of pendency on several parcels of real property in the defendant's name, restrained the defendant from selling or transferring any personal assets without first obtaining the permission of the court, and ordered the defendant to stay away from the marital home, except for family functions.

■ ISABELLE O. TAYAR, Respondent, v MAJED E. TAYAR, Appellant. [618 NYS2d 35] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Corso, J.H.O.), dated April 28, 1993, which, after a hearing, directed that the Greenpoint Savings Bank turn over funds in a bank account held in the name of the defendant and the parties' son to the Sheriff of the City of New York, in order to satisfy a judgment of the same court, dated April 2, 1992.

Ordered that the order is affirmed, with costs.

The defendant opposes a turnover of funds in a bank account held in the name of the defendant and the parties' son, arguing that the plaintiff failed to rebut the presumption that some of the funds in the bank account belonged to the parties' son, and therefore cannot be used to satisfy the plaintiff's money judgment against the defendant. The defendant also argues that the funds in this bank account were tenant securities, and therefore do not belong to the defendant and cannot be used to satisfy the plaintiff's money judgment against the defendant.

"The opening of a joint bank account creates a rebuttable presumption that each named tenant is possessed of the whole of the account so as to make the account vulnerable to the levy of a money judgment by the judgment creditor of one of the joint tenants *(Denton v Grumbach,* 2 AD2d 420, 422; *see also,* Banking Law § 675)" *(Viggiano v Viggiano,* 136 AD2d 630).* Contrary to the defendant's contentions, the party seeking to rebut this presumption has the burden of proof on this issue *(see, Viggiano v Viggiano, supra).* The defendant failed to rebut this presumption. Moreover, the defendant testified that his son's name was only on the account in the event the defendant was indisposed and access to these funds were necessary.

As for the contention that the funds were security deposits, the only evidence presented in support of this contention was the testimony and prior statements of the defendant. Because issues of credibility are for the hearing court, and will not be disturbed on appeal if supported by the record *(see, Vizzari v State of New York,* 184 AD2d 564), we decline to disturb the hearing court's determination that there was no evidence that the funds in the bank account were tenant security deposits.

The defendant's remaining contentions do not warrant reversal. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.