OPINION OF THE COURT
W. Bromley Hall, J.
This action, labeled tortious interference with a creditor’s rights, involves defendant’s failure to timely respond to an information subpoena. Defendant has moved for summary judgment to dismiss the complaint arguing that there is no cause *405 of action and, in any event, he did submit the answers in a timely manner.
The complaint alleges that plaintiff obtained a judgment against Alan Saretsky in the amount of $7,061.07 on December 7, 1994. On October 12, 1995, plaintiff duly served upon defendant an information subpoena with questions regarding the judgment debtor. Plaintiff claims that defendant failed to comply with the subpoena and his failure hindered, impaired and defeated plaintiff’s right to collect the debt. Defendant claims that he never received the initial information subpoena and therefore did not willfully fail to respond. Plaintiff sent a second copy in December 1995 by regular mail, to which defendant failed to respond until September 25, 1996.
The basic issue is whether there exists a cause of action for failing to respond to an information subpoena, or whether a party is limited to a contempt proceeding. It is clear that a party may be liable if it fails to comply with an information subpoena containing a restraining notice (Minzer v Heffner Agency, 214 AD2d 547) or with an income execution and information subpoena (Goldberg v Active Fire Sprinkler Corp., 194 AD2d 765). However, the only case that directly discusses whether a cause of action can be stated for failure to respond to merely an information subpoena determined that no cause of action existed. (Syndicate Bldg. Corp. v City Univ., 159 Misc 2d 898.)
Professor Siegel opines that Syndicate (supra) should be limited, since the delay to respond was a short one. He continues: "It must be stressed that the delay in the Syndicate case was a short one. This leaves the door open to the prospect of liability if the delay is prolonged. Clarification of the extent to which subpoenaed persons face liability in enforcement situations would be welcome. Cause and effect between disobedience by the witness and loss by the person in whose behalf the subpoena is served is likely to be found to be more direct in the case of an enforcement-of-judgment subpoena than an ordinary trial or pretrial subpoena. The Syndicate decision should therefore not be relied on as a source of safety for the prolonged or deliberate disobedience of a CPLR 5224 information subpoena.” (Siegel, 1994 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5224, 1997 Pocket Part, at 83-84.)
It appears that Syndicate (supra) is not as limited as Professor Siegel indicates. Judge Weisberg states that "the Legislature provided only one remedy for a violation of CPLR 5224 (a) *406 (3), to wit, contempt.” "Despite all that time, we have been unable to locate any authority for imposing essentially unlimited liability on a stranger to a lawsuit based on unintentionally tardy responses to an information subpoena. In the absence of a clear legislative directive, we will not create such a Draconian remedy now.” (Syndicate Bldg. Corp. v City Univ., 159 Misc 2d 898, 902, supra.) This court agrees with Judge Weisberg that any cause of action based upon a statutory instrument such as an information subpoena should be established by the Legislature. In light of the Legislature’s provision of a cause of action for violating a restraining notice under CPLR 5222, its silence in this case is further evidence that no cause of action should be maintained. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 240.) Consequently, the motion to dismiss is granted.