■ ALEXANDER STOROZYNSKI, Respondent, v BEATA STOROZYNSKI, Appellant. [874 NYS2d 575]—

In an action to determine the rights to certain funds in two joint bank accounts, the defendant appeals, by permission, from an order of the Supreme Court, Nassau County (Lally, J.), entered December 3, 2007, which, upon a decision of the same court dated May 24, 2007, made after a nonjury trial, finding that the two accounts were the property of the Estate of George Storozynski, directed her, inter alia, to turn the two bank accounts over to the plaintiff.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the two joint bank accounts held in the names of the defendant, Beata Storozynski, and her former husband, the now-deceased George Storozynski, were the property of the decedent's estate. "While there is a presumption that the parties to a joint account are each entitled to an equal share (Banking Law § 675), it is well settled that the presumption is not conclusive and may be rebutted by evidence showing that the depositor established the account for convenience and not with the intention of conferring a present beneficial interest on the party claiming the half share" (*Matter of Friedman*, 104 AD2d 366, 367 [1984], *affd* 64 NY2d 743 [1984]). On this record, the statutory presumption was successfully rebutted (*see Viggiano v Viggiano*, 136 AD2d 630 [1988]; *Wacikowski v Wacikowski*, 93 AD2d 885 [1983]), and thus the defendant was not entitled to the funds in the two bank accounts. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.