■ In the Matter of Signature Bank, Respondent, v HSBC Bank USA, N.A., et al., Respondents, and Ana Banayan, Also Known as Ana Beresnitzky, Appellant. [889 NYS2d 242]—

In a turnover proceeding pursuant to CPLR 5225 (b), the judgment debtor appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated October 2, 2008, which granted that branch of the petition which was to direct HSBC Bank USA, N.A., to turn over the funds of two joint bank accounts to the petitioner.

Ordered that the order is affirmed, with costs.

In an underlying action to recover damages pursuant to an instrument for the payment of money only (see Signature Bank v Ahava Food Corp., Sup Ct, NY County, index No. 604256/04), the petitioner obtained a money judgment against the judgment debtor, Ana Banayan, also known as Ana Beresnitzky, and other nonparties, jointly and severally, in the principal sum of $1,781,621.53 plus interest, inter alia, relating to the default on certain business loans personally guaranteed by the judgment debtor.

Faced with the judgment debtor's continuous default in making payments to satisfy the money judgment, the petitioner commenced the instant proceeding pursuant to CPLR 5225 (b) against the judgment debtor, her bank, HSBC Bank USA, N.A. (hereinafter HSBC), and the judgment debtor's daughters, who were named on the subject joint bank accounts, inter alia, to direct HSBC to turn over the funds of the joint bank accounts to the petitioner. Both of the judgment debtor's daughters

defaulted in answering the petition. The Supreme Court granted that branch of the petition which was to direct HSBC to turn over the funds of those bank accounts to the petitioner. We affirm.

CPLR 5225 (b) provides for an expedited special proceeding by a judgment creditor to recover "money or other personal property" belonging to a judgment debtor "against a person in possession or custody of money or other personal property in which the judgment debtor has an interest" (*id.*) in order to satisfy a judgment (*Starbare II Partners v Sloan*, 216 AD2d 238, 239 [1995]). The judgment creditor is required to serve the petition upon the judgment debtor in the same manner as a summons in an action or by registered or certified mail, return receipt requested (*see* CPLR 5225 [b]). Once a court has personal jurisdiction over the judgment debtor and bank, it can order the turn over of "money or other personal property," even property located out of the state (*see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 41 AD3d 25, 31 [2007]; *Miller v Doniger*, 28 AD3d 405 [2006]; *Starbare II Partners v Sloan*, 216 AD2d at 239).

Even jointly owned assets are vulnerable to levy by a judgment creditor pursuant to CPLR 5225. "Generally, the deposit of funds into a joint account constitutes prima facie evidence of an intent to create a joint tenancy" (*Matter of Richichi*, 38 AD3d 558, 559 [2007]; *see* Banking Law § 675 [b]; *Matter of Dubin*, 54 AD3d 947, 949 [2008]). However, at the same time, "[t]he opening of a joint bank account creates a rebuttable presumption that each named tenant is possessed of the whole of the account so as to make the account vulnerable to levy of a money judgment by the judgment creditor of one of the joint tenants" (*Tayar v Tayar*, 208 AD2d 609, 610 [1994]; *see Viggiano v Viggiano*, 136 AD2d 630, 631 [1988]; *Denton v Grumbach*, 2 AD2d 420, 422 [1956]; Banking Law § 675 [b]).

"The presumption created by Banking Law § 675 can be rebutted 'by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only' " (*Fragetti v Fragetti*, 262 AD2d 527, 527 [1999], quoting *Wacikowski v Wacikowski*, 93 AD2d 885 [1983]; *see Matter of Friedman*, 104 AD2d 366, 367 [1984], *affd* 64 NY2d 743 [1984]; *Storozynski v Storozynski*, 60 AD3d 754 [2009]). If the presumption is rebutted, the judgment creditor's levy on the jointly owned bank account is effective only up to the actual interest of the judgment debtor in the account (*see Viggiano v Viggiano*, 136 AD2d at 631).

The Supreme Court properly directed HSBC to turn over the

entirety of the subject joint bank accounts to the petitioner (*see LR Credit 10, LLC v Welsh*, 17 Misc 3d 1129[A], 2007 NY Slip Op 52193[U] [2007]; *Rappaport, Steele & Co., P.C. v JPMorgan Chase Bank, N.A.*, 13 Misc 3d 1203[A], 2006 NY Slip Op 51657[U] [2006]; *Velocity Invs., LLC/Citibank v Astoria Fed. Sav. & Loan*, 12 Misc 3d 1184[A], 2006 NY Slip Op 51440[U] [2006]; *Ford Motor Credit Co. v Astoria Fed.*, 189 Misc 2d 475, 477 [2001]). It is undisputed that neither of the judgment debtor's daughters appeared or answered the proceedings, or in any manner challenged the petition's allegations to claim any portion of the joint bank accounts (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *McClelland v Climax Hosiery Mills*, 252 NY 347, 351 [1930]; *Otto v Otto*, 150 AD2d 57, 65 [1989]; *Ford Motor Credit Co. v Astoria Fed.*, 189 Misc 2d at 476). The judgment debtor's mere conclusory assertions are patently insufficient to rebut her ownership of the funds in the bank accounts for purposes of the turnover proceedings (*see Tayar v Tayar*, 208 AD2d at 610). Under these circumstances, the Supreme Court properly determined that the petitioner was entitled to the turnover of the funds contained in the two joint bank accounts.

To the extent the judgment debtor raises an issue concerning that branch of the petition which was to direct HSBC to turn over the contents of a safe deposit box in the name of the judgment debtor, that issue remains pending and undecided, and, therefore, is not properly before this Court (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.