In a turnover proceeding pursuant to CPLR 5225 (b), the petitioner appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated October 28, 2010, which denied the petition to direct the respondent to pay over funds received pursuant to an indemnification agreement between the judgment debtor and a third party.
Ordered that the order is affirmed, with costs.
A judgment creditor’s ability to satisfy a judgment in his or her favor from assets that are not in the possession of the judgment debtor is governed by CPLR 5225. That statute “provides for an expedited special proceeding by a judgment creditor to recover ‘money or other personal property’ belonging to a judgment debtor ‘against a person in possession or custody of money or other personal property in which the judgment debtor has an interest’ in order to satisfy a judgment” (Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918 [2009] [citation omitted], quoting CPLR 5225 [b]). According to the express language of CPLR 5225 (b), a judgment creditor must first establish that the judgment debtor has an interest in the property held by the third party, and then must demonstrate either that the judgment debtor is entitled to possess the property or that the judgment creditor has a right to the property superior to that of the party who possesses it (see Beauvais v Allegiance Sec., Inc., 942 F2d 838, 840-841 [1991]).
Contrary to the petitioner’s contention, the Supreme Court *946 properly denied the instant turnover petition. Pursuant to the terms of an insurance agreement between the judgment debtor, H&L Holding Corp. (hereinafter H&L), and the respondent, Essex Insurance Company (hereinafter Essex), any right of indemnification that H&L possessed was “transferred” to Essex once Essex paid out the policy limits on behalf of H&L to the petitioner, and H&L no longer possessed an interest in that right. The obligation of Essex ran only to H&L as its insured, and only to the extent of the policy limits (see Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 583 [1995]). Accordingly, the petitioner failed to satisfy the requirements of CPLR 5225 (b) and, under the circumstances presented, he cannot recover additional funds from Essex or compel Essex to seek additional funds from other third parties. Rather, his recourse is to proceed against the remaining judgment debtor. Mastro, A.P.J., Chambers, Sgroi and Miller, JJ., concur.