In the Matter of JRP OLD RIVERHEAD, LTD., Appellant, v HUDSON CITY SAVINGS BANK et al., Respondents. [965 NYS2d 176]—

In a turnover proceeding pursuant to CPLR 5225 (b) to direct Hudson City Savings Bank to turn over the funds of an account held in the name of "Ann Sledjeski or Thomas Sledjeski" to partially satisfy a judgment entered in favor of the petitioner and against Thomas C. Sledjeski, the petitioner appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 28, 2012, which, in effect, denied the unopposed petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is granted, and Hudson City Savings Bank is directed to turn over the funds in the account held in the name of "Ann Sledjeski or Thomas Sledjeski" to Hamburger, Maxson, Yaffe, Knauer & McNally, LLP, attorneys for the petitioner, toward the satisfaction of the judgment entered on August 4, 2011, against Thomas C. Sledjeski and in favor of the petitioner in an action entitled *JRP Old Riverhead, Ltd. v Sledjeski,* commenced in the Supreme Court, Suffolk County, under index No. 1909/08.

The Supreme Court should have granted the unopposed petition pursuant to CPLR 5225 (b) to direct Hudson City Savings Bank to turn over the funds of an account it held in the name of "Ann Sledjeski or Thomas Sledjeski," to partially satisfy a judgment entered in favor of the petitioner and against Thomas C. Sledjeski. " '[T]he opening of a joint bank account creates a rebuttable presumption that each named tenant is possessed of the whole of the account so as to make the account vulnerable to levy of a money judgment by the judgment creditor of one of the joint tenants' " (*Matter of Signature Bank v HSBC Bank USA, N.A.,* 67 AD3d 917, 918 [2009], quoting *Tayar v Tayar,* 208 AD2d 609, 610 [1994]; *see* Banking Law § 675 [b]). Therefore, the petitioner was not required to establish that the judgment debtor was the sole contributor of funds to the account. Moreover, since none of the respondents appeared or

answered the proceeding, they failed to rebut the presumption (*see Matter of Signature Bank v HSBC Bank USA, N.A.*, 67 AD3d at 919). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.