[7 NYS3d 874]

Sᴏʟ Rᴏsᴇɴʙʟᴀᴛᴛ, Also Known as Sᴀᴜʟ Rᴏsᴇɴʙʟᴀᴛᴛ, Plaintiff, v HSBC Bᴀɴᴋ USA, N.A., Defendant.

Supreme Court, New York County, April 20, 2015

## APPEARANCES OF COUNSEL

*Fischer Law Firm, PLLC*, New York City (*Michael Andrew Fischer* of counsel), for plaintiff.

*Anthony DiPaolo, P.C.*, Queens Village (*Anthony DiPaolo* of counsel), for defendant.

RICHARD F. BRAUN, J.

This is a motion for summary judgment in lieu of a complaint based upon the erroneous response to an information subpoena by defendant HSBC Bank USA, N.A. Defendant HSBC had initially responded to an information subpoena indicating that HSBC had funds in a savings account for a party in another action as to whom plaintiff was a judgment creditor. The judgment is in the amount of $158,299.42. The amount in the account was $72,345.56. However, those funds were not being held in a personal savings account of the judgment debtor, but rather in an escrow account. The escrow agent brought a separate special proceeding to establish that the funds in the account were not the property of the judgment debtor in the prior first action. Plaintiff herein was a party to that proceeding and did not oppose HSBC's acquiescence to the escrow agent's claim. Plaintiff now seeks summary judgment in lieu of a complaint claiming that he is entitled to the full amount held in the account, which had been wrongly reported in the information subpoena as belonging to the judgment debtor, or judgment in that amount.

Summary judgment in lieu of a complaint is a remedy available to enforce an instrument for the payment of money only or upon a judgment. CPLR 3213 provides in part: "When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."

An information subpoena is a disclosure device for enforcement purposes, pursuant to CPLR 5224 (a) (3) or (4) (*Hynes v Skarvelis*, 6 Misc 3d 1038[A], 2005 NY Slip Op 50332[U], *3 [Sup Ct, Kings County 2005] ["(An) information subpoena is a disclosure device . . . explicitly offered for enforcement purposes by CPLR § 5224 (a) (3)"]), not an instrument that creates an unconditional promise to pay money or an obligation to make a required payment of a sum certain (*see Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 156 [1975] ["there is no written instrument by which the defendant has expressly obligated itself to make the payments . . . ."]; *Lawrence v Kennedy*, 95 AD3d 955, 957 [2d Dept 2012] ["An instrument is considered to be for the payment of money only if it contains an unconditional promise to pay a sum certain over a stated period of time"]; *cf. Seaman-Andwall Corp. v Wright*

*Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968] [summary judgment in lieu of a complaint was available where a prima facie case is made out just by proof of the instrument "and a failure to make the payments called for by its terms"], *affd without op* 29 NY2d 617 [1971]). Plaintiff cites to no cases where summary judgment in lieu of a complaint was applied to an information subpoena. *SG Equip. Fin. USA Corp. v Moore* (2013 NY Slip Op 31049[U] [Sup Ct, NY County 2013]), upon which plaintiff relies, involved a personal guaranty.

Furthermore, unlike the failure to comply with a restraining notice, pursuant to CPLR 5222, which "subjects the garnishee to personal liability in a separate plenary action or a special proceeding under CPLR article 52 brought by the aggrieved judgment creditor" (*Aspen Indus. v Marine Midland Bank*, 52 NY2d 575, 580 [1981]), there is no statutory or common-law authority for an action based upon a negligent response to an information subpoena. In *Miller v Saretsky* (171 Misc 2d 404, 406 [Sup Ct, Suffolk County 1996]) the court found that a judgment creditor did not have a cause of action based upon a judgment debtor's failure to respond in a timely manner to an information subpoena. Similarly, in *Syndicate Bldg. Corp. v City Univ. of N.Y.* (159 Misc 2d 898, 902 [Ct Cl 1993]), the court stated it was "unable to locate any authority for imposing essentially unlimited liability on a stranger to a lawsuit based on unintentionally tardy responses to an information subpoena. In the absence of a clear legislative directive, we will not create such a Draconian remedy now." The same should hold true here for an erroneous response to an information subpoena.

Even if a claim for damages based upon a contemptuous erroneous failure to respond to an information subpoena may be brought, pursuant to CPLR 5251 (*cf. Cruz v TD Bank, N.A.*, 22 NY3d 61, 78 [2013] ["The fact that a judgment creditor may be able to bring a plenary action to punish a bank's contemptuous failure to honor a restraining notice does not establish that noncompliance with other technical aspects of CPLR article 52 can give rise to a plenary action for money damages when errors of that type have not been declared by the legislature to constitute contempt"]), plaintiff's claim here sounds in negligence. That does not rise to the level of contemptuous conduct. Plaintiff had to demonstrate by clear and convincing evidence that defendant "had refused or willfully neglected to obey" the information subpoena (*see Arko MB LLC v O'Neel*, 95 AD3d 742, 742 [1st Dept 2012]).

Finally, given that the funds in the subject account did not belong to the judgment debtor, plaintiff would not have had a claim to them. Consequently, plaintiff was not damaged by the erroneous response to the information subpoena (*cf. Honig v US Bank N.A.*, 40 Misc 3d 1214[A], 2013 NY Slip Op 51189[U], *4 [Sup Ct, Nassau County 2013] ["While the parties argue over which entity should be, and should have been, receiving plaintiffs' mortgage payments, it is clear that plaintiffs are not entitled to the funds. . . . (A)s plaintiffs have no damages or injury or loss at this time, they have no cause of action for negligent misrepresentation"]).

Accordingly, by separate decision and order of this court, the motion was denied. Pursuant to CPLR 3213, plaintiff was directed to serve and file a formal complaint within 20 days of service of the decision and order with notice of entry, and defendant directed to answer or move within 20 days thereafter.