In the Matter of SYLVIA G. ROBERT CARNIELLO, Respondent; JEREMY MARLOWE, Appellant. [32 NYS3d 251]—

In a guardianship proceeding in which Robert Carniello, the guardian of the person and property of Sylvia G., an incapacitated person, inter alia, petitioned pursuant to Mental Hygiene Law § 81.43 to recover the proceeds of certain investment accounts withheld from the incapacitated person, Jeremy Marlowe, as Administrator of the Estate of Richard G., appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered April

1, 2013, as, upon Richard G.'s failure to appear at a hearing, granted that branch of the petition which was to direct that the entire proceeds of the investment accounts be turned over to Robert Carniello, as guardian of the person and property of Sylvia G., and (2) so much of an order of the same court dated April 28, 2014, as denied those branches of his motion which were pursuant to CPLR 317 and 5015 (a) (1) to vacate so much of the order entered April 1, 2013, as directed that the entire proceeds of the investment accounts be turned over to Robert Carniello, as guardian of the person and property of Sylvia G.

Ordered that the appeal from the order entered April 1, 2013, is dismissed; and it is further,

Ordered that the order dated April 28, 2014, is reversed insofar as appealed from, on the law, and that branch of the motion of Jeremy Marlowe, as Administrator of the Estate of Richard G., which was pursuant to CPLR 5015 (a) (1) to vacate so much of the order entered April 1, 2013, as directed that the entire proceeds of the investment accounts be turned over to Robert Carniello, as guardian of the person and property of Sylvia G., is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In or around November 2012, Robert Carniello was appointed as the guardian of the person and property of Sylvia G., an incapacitated person. Subsequently, Carniello, as guardian of the person and property of Sylvia G. (hereinafter Carniello), filed a petition pursuant to Mental Hygiene Law § 81.43 to recover the proceeds of certain investment accounts allegedly being withheld by Richard G., Sylvia G.'s son. The accounts were held in the names of Richard G. and Sylvia G., as joint tenants with rights of survivorship. On February 20, 2013, the Supreme Court conducted a hearing on the petition, at which Richard failed to appear.

Following the hearing, the Supreme Court issued an order entered April 1, 2013, upon Richard's default, inter alia, granting that branch of the petition which was to direct that the entire proceeds of the investment accounts be turned over to Carniello (hereinafter the April 2013 order). In July 2013, Richard died. Thereafter, in an order dated April 28, 2014, the court denied a motion by Jeremy Marlowe, as Administrator of the Estate of Richard G. (hereinafter the appellant), inter alia, pursuant to CPLR 5015 (a) and 317 to vacate so much of the April 2013 order as directed that the entire proceeds of the investment accounts be turned over to Carniello.

The appeal from the April 2013 order, made upon Richard's default, must be dismissed, as no appeal lies from an order

entered upon the default of the appealing party (*see* CPLR 5511; *Lansky v Bate*, 132 AD3d 737, 738 [2015]).

The Supreme Court erred, however, in denying that branch of the appellant's motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of the April 2013 order as directed that the entire proceeds of the investment accounts be turned over to Carniello. A party seeking to vacate a default must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Scott v Ward*, 130 AD3d 903, 903-904 [2015]). Here, the documentation submitted by the appellant in support of his motion, including documentation from Richard's physician and affidavits from his son and former fiancée, demonstrated a reasonable excuse for Richard's failure to appear at the hearing, namely, an illness which prevented him from traveling from his home in California (*see Du Jour v DeJean*, 247 AD2d 370, 371 [1998]; *Matter of McCaffrey v McCaffrey*, 210 AD2d 409, 410 [1994]; *Matter of State Div. of Human Rights v North Broadway Holding Corp.*, 38 AD2d 856 [1972]; *cf. Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428, 429 [2010]). Moreover, the appellant's submissions were sufficient to demonstrate the existence of a potentially meritorious defense as to whether the accounts were created with the intention of conferring a present beneficial interest in Richard, rather than merely for convenience (*cf. Storozynski v Storozynski*, 60 AD3d 754, 754 [2009]; *Wacikowski v Wacikowski*, 93 AD2d 885, 885 [1983]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Dickerson, J.P., Hall, Roman and Sgroi, JJ., concur.