Matter of New York Community Bank v Bank of Am., N.A. (2019 NY Slip Op 00544)





Matter of New York Community Bank v Bank of Am., N.A.


2019 NY Slip Op 00544


Decided on January 24, 2019


Appellate Division, First Department


Gische, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, J.P.
Rosalyn H. Richter
Sallie Manzanet-Daniels
Judith J. Gische
 Peter Tom,JJ.


158084/17 7539 

[*1]In re New York Community Bank, Petitioner-Respondent,
v
Bank of America, N.A., Respondent, Ari Chitrik, also known as Aaron Chitrik Purec, et al., Respondents-Appellants.



Respondents appeal from the order and judgment (one paper) of the Supreme Court, New York County (Arlene P. Bluth, J.), entered March 1, 2018, granting petitioner New York Community Bank's application for an order directing respondent Bank of America, N.A. to turn over the contents of the subject safe deposit box to satisfy a judgment against respondent Ari Chitrik.




Heller, Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for appellants.
Zeichner Ellman & Krause LLP, New York (David S.S. Hamilton and Stuart A. Krause of counsel), for respondent.



GISCHE, J.


This appeal requires us to consider whether a presumption of joint tenancy with rights of survivorship in a safety deposit box also extends to its contents where only one of the persons who rented the box is a judgment debtor. Most of the jurisprudence concerning the statutory presumption of joint tenancy (Banking Law § 675[b]), relates to cash deposits in bank accounts, not deposits of property into safe deposit boxes. We find the safety deposit box rental agreement [*2]controlling on the issue of ownership and that the judgment creditor, New York petitioner (NYCB) established that the notice respondents are joint tenants of the contents of the box, with rights of survivorship. The notice respondents failed to come forward with evidence to the contrary, making the box's contents subject to the judgment creditor's levy.
In June 2012, NYCB obtained a money judgment against notice respondent Ari Chitrik a/k/a Aaron Chitrik Purec. The judgment, with interest, is now in excess of $11 million. After receiving responses to its information subpoenas from respondent garnishee Bank of America, N.A. (BOA), NYCB commenced this turnover proceeding (CPLR 5225[b]) against Ari and his wife, respondent Rachel Chitrik-Purec. Rachel is not a judgment debtor with respect to that judgment and she contends that she opened this safe deposit box account in her sole name, adding Ari as a corenter, solely as a matter of convenience.
This appeal is from Supreme Court's order directing the Sheriff and/or BOA to break open the safe deposit box and turn its contents over to satisfy NYCB's judgment against Ari.
Rachel obtained the safe deposit box in September 2014, in Ari's presence, with each of them presenting personal identification to open the safe deposit account. Each of them also signed a safe deposit box rental agreement. The rental agreement identifies each of them as "Renters" of the box and BOA "Customers." Rachel is referred to in the rental agreement as "Customer 1" and Ari as "Customer 2." By signing the rental agreement, Ari and Rachel as "undersigned Renter(s)" agreed to rent the safe deposit box "in accordance with . . . this Safe Deposit Rental Agreement ( the Rental Agreement')" and also agreed "to be bound by the Safe Deposit Box Rental Agreement Rules and Regulations (the Rules')," which are incorporated by reference. Although the rental agreement names Rachel as the "account title" holder and also lists her as the "filing name," the rules do not use those terms. Instead, the rules interchangeably use the terms "you," "your," and "Renter," throughout. A "Renter" is further defined as "each Renter or Co-Renter identified in the [rental agreement]." By signing the rental agreement and its incorporated rules, Rachel and Ari expressly agreed that
"access to a Box rented in the names of two or more persons, whether or not husband and wife, shall be under the control of each of them individually or their duly authorized and qualified legal representative(s) or other qualified successors(s), in case of death, insolvency or other legal disability
. . . as fully as though the Box was rented in his or her name alone; and each may have access to the Box and the right to surrender the Box; and the surviving Renter or the legal representative of the deceased Renter may enter the Box, remove all contents thereof, release the Bank on behalf of all Renters, and terminate the Rental Agreement."
CPLR 5225(b) provides for an expedited special proceeding by which a judgment creditor can recover "money or other personal property" belonging to a judgment debtor "against a person in possession or custody of money or other personal property in which the judgment debtor has an interest" in order to satisfy a judgment (Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918 [2d Dept [2009]). When two or more persons open a bank account, making a deposit of cash, securities, or other property, a presumption of joint tenancy with right of survivorship arises (Banking Law § 675[b]; Matter of Friedman, 104 AD2d 366 [1984], affd 64 NY2d 743 [1984]). The presumption extends to safe deposit boxes held jointly (Matter of First Am. Tit. Ins. Co. v Kenderian, 157 AD3d 891, 892 [2d Dept 2018]). If the presumption is applied, each named tenant "is possessed of the whole of the account so as to make the account vulnerable to the levy of a money judgment by the judgment creditor of one of the joint tenants" [*3]Viggiano v Viggiano, 136 AD2d 630, 630 [2d Dept 1988]; Banking Law § 675[b]).
By relying on the terms of the rental agreement, NYCB met its burden of establishing Ari and Rachel as joint tenants with rights of survivorship of the safe deposit box account. The safe deposit box is controlled by each of them, each of them has access to the box at all times, and each of them can deposit property into the box or remove property from it without each other's permission. Should either one of them die, the survivor would have access to the box and could remove all its contents (Matter of Brown, 86 Misc 187 [NY Sur Ct 1914], affd 167 AD 912 [2d Dept 1915], affd 217 NY 621 [1916]).
The statutory presumption of joint ownership, however, may be rebutted by showing that the true situation as to ownership is different and that the account was established in joint names solely as a matter of convenience, not with the intention of conferring any beneficial property interest on the other individual (Pinasco v Del Pilaf Ara, 219 AD2d 540, 540 [1st Dept 1995]). This argument was raised by Rachel before Supreme Court and now, on appeal. To defeat the presumption, however, there must be direct proof that no joint tenancy was intended (Signature Bank, 67 AD3d at 918). Neither Ari nor Rachel offered sworn affidavits in opposition to NYCB's petition. They relied on an attorney's affirmation to present their claim that Rachel only added Ari's name to the rental agreement as a matter of convenience and that the contents of the box are her separate property. "[A]n affirmation submitted by an attorney who has no personal knowledge of the facts is without evidentiary value" (Conti v City of Niagara Falls Water Bd., 82 AD3d 1633, 1634 [4th Dept 2011]). Such indirect evidence does not rebut the presumption of joint tenancy in the box or require a hearing. Supreme Court correctly ordered that the Sheriff break open the box because it presumably contained property that was subject to levy (Carples v Cumberland Coal & Iron Co., 240 NY 187, 191-193 [1925]; Viggiano, 136 AD2d at 631). Unlike Supreme Court, however, we do not find any ambiguity in the rental agreement, and it was unnecessary for the court to have given BOA's responses to the information subpoena credence in resolving the issue of ownership. Given the limited postjudgment discovery purpose of an information subpoena, it should not have been relied on to make that legal determination (CPLR 5224[a][3]; see e.g., Rosenblatt v HSBC Bank USA, N.A., 47 Misc 3d 1003 [Sup Ct, NY County 2015] [erroneous information provided by the bank]).
Rachel's claim that Ari has no ownership interest in the contents of the box and the contents are her separate property does not defeat NYCB's rights to levy upon its contents (Carples, supra at 191-192). Rachel knew its contents, but did not disclose that information or establish that its contents actually belong solely to her or to a third party (see Uribe v Merchants Bank of N.Y., 239 AD2d 128, 128 [1st Dept 1997], affd 91 NY2d 336 [1998]). Thus, NYCB's prima facie establishment of a joint tenancy in the safe deposit box account is evidence that Ari and Rachel also "possess" its contents, making the whole of the account subject to NYCB's levy (Viggiano at 630).
Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Arlene P. Bluth, J.), entered March 1, 2018, granting petitioner New York Community [*4]Bank's application for an order directing respondent Bank of America, N.A. to turn over the contents of the subject safe deposit box to satisfy a judgment against respondent Ari Chitrik, should be affirmed, with costs.
All concur.
Order and judgment (one paper) Supreme Court, New York County (Arlene P. Bluth, J.), entered March 1, 2018, affirmed, with costs.
Opinion by Gische, J. All concur.
Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK