Matter of Wells Fargo Vendor Fin. Servs., LLC v JPMorgan Chase Bank (2024 NY Slip Op 04074)

Matter of Wells Fargo Vendor Fin. Servs., LLC v JPMorgan Chase Bank

2024 NY Slip Op 04074

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2020-03336
 (Index No. 525801/19)

[*1]In the Matter of Wells Fargo Vendor Financial Services, LLC, petitioner-respondent, 
v
JPMorgan Chase Bank, respondent, Tahir Bhutta, et al., appellants.

Law Office of Charlie Vargas P.C., Brooklyn, NY, for appellants.
Chiesa Shahinian & Giantomasi P.C., New York, NY (Robert L. Hornby of counsel), for petitioner-respondent.

DECISION & ORDER
In a turnover proceeding pursuant to CPLR 5225(b) and 5227, Tahir Bhutta and Feza Begum appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 3, 2020. The order, insofar as appealed from, granted that branch of the petition which was to direct JPMorgan Chase Bank to open a safe deposit box maintained by Tahir Bhutta and Feza Begum and permit a court-appointed receiver to conduct an inventory of the contents of the safe deposit box and place any United States currency in his escrow account, and, in effect, denied the motion of Tahir Bhutta and Feza Begum, inter alia, to vacate certain restraining notices and for injunctive relief.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In an underlying action commenced, inter alia, to recover damages for breach of contract, the petitioner obtained a judgment against several defendants, including "Tahir Bhutta d/b/a Big Sasco Tool & Equipment Rental Corp. a/k/a Big Sasco Tools Rental Corp." Thereafter, the petitioner commenced this turnover proceeding pursuant to CPLR 5225(b) and 5227 to direct the respondent JPMorgan Chase Bank to open a safe deposit box maintained by the respondent Tahir Bhutta and his wife, the respondent Feza Begum (hereinafter together the appellants), and to turn over the contents of the safe deposit box to the Sheriff of Kings County to satisfy or partially satisfy the outstanding judgment. The appellants moved, among other things, to vacate certain restraining notices and for injunctive relief. In an order dated February 3, 2020, the Supreme Court, inter alia, granted that branch of the petition which was to direct JPMorgan Chase Bank to open the safe deposit box and permit a court-appointed receiver to conduct an inventory of the contents of the safe deposit box and place any United States currency in his escrow account, and, in effect, denied the appellants' motion. This appeal ensued.
"CPLR 5225(b) provides for an expedited special proceeding by a judgment creditor to recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment" (Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918 [citation omitted]). "According to the express language of CPLR 5225(b), a [*2]judgment creditor must first establish that the judgment debtor has an interest in the property held by the third party, and then must demonstrate either that the judgment debtor is entitled to possess the property or that the judgment creditor has a right to the property superior to that of the party who possesses it" (Matter of Miraglia v Essex Ins. Co., 96 AD3d 945, 945; see Matter of Sirotkin v Jordan, LLC, 141 AD3d 670, 671).
Here, the appellants contend that the petitioner does not have an interest in the contents of the safe deposit box because the petitioner did not obtain a judgment against Bhutta individually. However, the record reflects that the judgment in the underlying action was entered against "Tahir Bhutta d/b/a Big Sasco Tool & Equipment Rental Corp. a/k/a Big Sasco Tools Rental Corp." Contrary to the appellants' contention, the Supreme Court correctly concluded that the judgment is against Bhutta in his individual capacity (see Trustees of the Mason Tenders v Faulkner, 484 F Supp 2d 254, 257 [SD NY]). Accordingly, the court properly granted that branch of the petition which was to direct JPMorgan Chase Bank to open the safe deposit box and permit the court-appointed receiver to conduct an inventory of the contents of the safe deposit box and place any United States currency in his escrow account, and, in effect, denied the appellants' motion.
To the extent that the appellants raise contentions concerning that branch of the petition which was to direct JPMorgan Chase Bank or the receiver to turn over the contents of the safe deposit box to the Sheriff of Kings County to satisfy or partially satisfy the judgment, we note that that branch of the petition remains pending and undecided (see Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d at 919).
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court